Maryann Zakrzewski, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 8, 1977, before Judges WILKINSON, JR., ROGERS and DISALLE, sitting as a panel of three.

*George P. Bannon,* for petitioner.

*Susan Shinkman,* Assistant Attorney General, with her *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., January 6, 1978:

This is an appeal from the Unemployment Compensation Board of Review's (Board) order affirming the Referee's decision that the Bureau of Employment Security (Bureau) correctly determined that petitioner-claimant was ineligible for unemployment compensation benefits under the provisions of Section 402 (b)(1) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1), *i.e.,* voluntarily leaving work without cause of a necessitous and compelling nature. Petitioner raises two issues: first, the decision that there was a voluntary quit is unsupported by competent and substantial evi-

dence; second, the disallowance of benefits covered more than a period of 30 days prior to the notice from the employer to the Bureau, contrary to the provisions of Section 501(c) of the Law, 43 P.S. §821(c).

We will treat the second question first. If that matter were properly before us we would have to remand the case for further hearing to have evidence produced as to when the letter of October 7, 1975 was mailed by the employer or received by the Bureau. If this letter were mailed from within Philadelphia to the Bureau in Philadelphia as the date and address would seem to indicate, then it would have been well within the 30 day limitation from September 27, 1975. However, that matter is not properly before us not having been raised before the Referee or the Board. The reason for this rule is well exemplified by the present case for had it been raised, there would have been an opportunity to establish the facts on the record.

As to the first issue raised, we find that there is more than adequate competent and substantial evidence to support the Board's Order.

It is clear that the petitioner left work on September 5, 1975 at the conclusion of work on Friday and left a note on the receptionist's desk for her employer saying she would not be back for two or three weeks for health reasons. This was not on the advice of her physician for she did not see him until Monday morning. The fact that a weekend intervened has nothing to do with it. The point is that she made her decision to leave for two or three weeks without consulting a physician. *See Grimes Poultry Processing Corp. v. Unemployment Compensation Board of Review*, 31 Pa. Commonwealth Ct. 542, 377 A.2d 209 (1977).

Quite apart from the fact that petitioner did not consult a physician before deciding and announcing her decision to take two or three weeks off, her failure to seek out her employer and explain the situation to

him and make an endeavor to obtain a sick leave would in itself support a decision of ineligibility.

> [W]here an employe leaves employment because of a temporary disability with the expectation of later returning to work he is required to apply for a leave of absence, give a timely notice, or otherwise manifest an intention not to abandon the labor force.

*Hegley Unemployment Compensation Case,* 195 Pa. Superior Ct. 630, 633-34, 171 A.2d 797, 798 (1961), *quoting, Flannick Unemployment Compensation Case,* 168 Pa. Superior Ct. 606, 610, 82 A.2d 671, 672 (1951).

Accordingly, we will enter the following

ORDER

Now, January 6, 1978, the Order of the Unemployment Compensation Board of Review, decision number B-135677, dated October 12, 1976, affirming the Referee's disallowance of benefits is affirmed.