Henrietta Abbey, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 13, 1980, before President Judge CRUMLISH, JR. and Judges ROGERS and CRAIG, sitting as a panel of three.

*David M. Moran*, of *Behrend and Aronson*, for petitioner.

*Elsa Newman-Silverstine*, Assistant Attorney General, with her *David R. Confer*, Assistant Attorney General, *Richard Wagner*, Chief Counsel, and *Edward G. Biester, Jr.*, Attorney General, for respondent.

OPINION BY JUDGE ROGERS, April 7, 1980:

Henrietta Abbey has appealed from an order of the Unemployment Compensation Board of Review (Board) affirming a referee's determination that Ms. Abbey is ineligible for unemployment compensation benefits because she was discharged from her employment for willful misconduct. *See* Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). We affirm.

The facts are not disputed. Ms. Abbey, while employed by the Department of Public Welfare as a Mental Retardation Aide I at C. Howard Marcy Hospital, received $6000 from Pennsylvania's public assistance program also administered by the Department of Public Welfare. Ms. Abbey was able to accomplish this feat by lying to her general assistance caseworker about her employment status. No doubt because of the size of the Department of Welfare, Ms. Abbey's fraud was not discovered nor the general assistance payments stopped for three years. The Bureau of Special Investigation then investigated the matter for two years, finally notifying the Marcy Hospital of Ms. Abbey's dishonesty and her violation of statutes relating to DPW. *See* Section 432.14 of the Public Welfare Code, Act of June 13, 1967, P.L. 31, added by the Act of July 9, 1976, P.L. 993, §5, 62 P.S. §432.14, repealed in part not here pertinent by the Act of June 20, 1978,

P.L. 477, §13(b). The hospital immediately suspended Ms. Abbey and following a two week investigation of its own, terminated her employment. Ms. Abbey's claim for unemployment compensation benefits has been denied by the Office of Employment Security, a referee and the Board of Review, on the ground that she engaged in willful misconduct by breaching her duty to, and committing a fraud upon, her employer, DPW. We certainly agree with those determinations.

Ms. Abbey first contends that her breach of duty to the public assistance arm of DPW, by lying to her general assistance caseworker, was not willful misconduct affecting her employment with DPW as a Mental Retardation Aide I at Marcy Hospital. This argument is totally devoid of any merit. A state agency as employer has a right to expect its employees not to violate a statute the agency enforces. *Nevel v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 6, 377 A.2d 1045 (1977).

Ms. Abbey's second contention is that because two years passed between the time she last received an assistance check and the time she was dismissed from her employment, her willful misconduct was too remote to be a basis for her disqualification for unemployment benefits. This argument was not raised before the Board and therefore need not be entertained here. *Zakrzewski v. Unemployment Compensation Board of Review*, 33 Pa. Commonwealth Ct. 216, 381 A.2d 503 (1978). Further, however, DPW promptly discharged her when it got definitive news of her dishonesty.

Order affirmed.

ORDER

AND Now, this 7th day of April, 1980, the order of the Unemployment Compensation Board of Review is affirmed.