Thomas Merritt, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 10, 1980, before President Judge CRUMLISH and Judges ROGERS and WILLIAMS, JR., sitting as a panel of three.

*Thomas Merrit*, Petitioner, Pro Se.

*Charles G. Hasson*, Assistant Attorney General, with him *Richard Wagner*, Chief Counsel and *Edward G. Biester, Jr.*, Attorney General, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, June 25, 1980:

The Unemployment Compensation Board of Review disallowed the appeal of Thomas Merritt from a Pennsylvania unemployment compensation referee's denial of benefits on grounds that he voluntarily terminated employment without cause of a necessitous and compelling reason. He now appeals to us contending his constitutional rights to trial by jury and to compulsory process for obtaining witnesses were denied. We affirm.

Merritt contends initially a violation of Article I, Section 6 of the Pennsylvania Constitution which provides for the right to trial by jury. Our Supreme Court has held Article I, Section 6 to require the right to trial by jury in all matters in which the right to a jury trial has been recognized at the time of the adoption of the Pennsylvania Constitution of 1790. *Parker v. Children's Hospital of Philadelphia*, 483 Pa. 106, 394 A.2d 932 (1978); *Van Swartow v. Commonwealth*, 24 Pa. 131 (1854). Our Unemployment Com-

pensation Law[1] (Act), a statutory enactment passed by the legislature in 1936, is designed to promote the health, morals and welfare of the people of the Commonwealth by generally protecting employees against a faultless discharge, dismissal, or layoff by an employer. *See* Section 3 of the Act, 43 P.S. §752. Since matters subject to the Unemployment Compensation Board of Review were not such which were guaranteed a right to a trial by jury in the common law or by statute, we hold that an unemployment compensation claimant is not extended the constitutional right to a jury trial.

Secondly, Merritt contends that the Board erred when it denied his right of compulsory process. Section 506 of the Act, 43 P.S. §826, provides the Board and the referee statutory authority and duty to subpoena witnesses if needed to make a judicious determination of the issues. No such corollary powers are given to the claimant in these proceedings. Merritt, acting pro se, failed to amplify properly the reasons for his request for witness support before the referee. Board counsel, recognizing the need for clarification of the pro se request, offered to stipulate a remand for this specific purpose. This proposal was declined by Merritt. Accordingly, we hold this refusal effectively waived his right to argue that he was denied an opportunity to present further evidence below. *See Miller Unemployment Compensation Case,* 196 Pa. Superior Ct. 393, 175 A.2d 119 (1961).

Having rejected Merritt's two constitutional challenges to the Board's decision, we issue the following.

## ORDER

AND Now, this 25th day of June, 1980, the decision of the Unemployment Compensation Board of Review dated January 22, 1979, is hereby affirmed.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §751 et seq.