436 A.2d 179

**Shirley A. WING and Alice M. King, Appellants,**

v.

**COMMONWEALTH of Pennsylvania, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Appellee.**

Supreme Court of Pennsylvania.

Argued Sept. 18, 1981.

Decided Oct. 29, 1981.

Charles J. Duke, Bradford, for appellant at No. 34.

Niles Schore, Keystone Legal Services, Inc., Bloomsburg, for appellant at No. 35.

John T. Kupchinsky, Assoc. Counsel, Richard Wagner, Counsel, Richard L. Cole, Jr., Chief Counsel, Dept. of Labor & Industry, Harrisburg, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION

LARSEN, Justice.

These cases, consolidated for appeal, present the same question: whether, in unemployment compensation proceedings, issues not raised by the employer before lower tribunals are waived.

In these cases, claimants were informed that their employment was terminated and they applied for unemployment compensation benefits to the Bureau of Employment Security (hereinafter "Bureau"). In response to the Bureau's request for separation information, claimants' employers sent the Bureau a form which stated the following grounds for denying benefits:

[Shirley Wing] [r]efused to return to work when she was requested and needed. Miss Wing was not on vacation. . . .

/s/ Brown's Boot Shop, Inc.

Alice [King] was on Sick leave from 3–17–78 thru 6–1–78. She did not return to work when her leave expired.

/s/ Centre Engineering, Inc.

The Bureau examined the claims and the employers' responses, and denied benefits on the basis that claimants voluntarily left work without cause, i. e. quit. *See* 43 P.S. § 802(b)(1) (Supp.1981–82). Claimants appealed to the Unemployment Compensation Board of Review [hereinafter "Board"] and the cases were referred to referees who heard the appeal. The employers were present at the referees' hearings and the cases were tried on the defense theory that claimants quit. The referees affirmed the Bureau's determination. Claimants again appealed and the Board affirmed the referees. Claimants next appealed to the Commonwealth Court. That court reversed the Board and held that the evidence in both cases, under the applicable case law, was not sufficient to show that claimants had quit. *Wing v. Unemployment Compensation Board of Review*, 57 Pa. Cmwlth. 103, 426 A.2d 198 (1981). The Commonwealth Court, however, remanded the cases to the Board to consider the theory, first advanced in Commonwealth Court, that claimants were fired for willful misconduct. (Apparently, the existing record was deemed inadequate to determine this issue.) Judge Craig, joined by Judges Crumlish and Palladino, dissented, maintaining that the willful misconduct issue

had been waived. The Commonwealth Court then certified the remand order for interlocutory appeal pursuant to 42 Pa.C.S.A. § 702, and we granted permission to appeal.

The waiver rule has been previously employed by the Commonwealth Court in unemployment compensation proceedings. *See Abbey v. Unemployment Compensation Board of Review*, 50 Pa.Cmwlth. 323, 413 A.2d 3 (1980); *Katz v. Unemployment Compensation Board of Review*, 40 Pa.Cmwlth. 1, 396 A.2d 480 (1979), *aff'd mem.*, 487 Pa. 488, 409 A.2d 854 (1980). In *Zakrzewski v. Unemployment Compensation Board of Review*, 33 Pa.Cmwlth. 216, 218, 381 A.2d 503, 504 (1978), Mr. Justice Wilkinson, then writing for the Commonwealth Court stated:

> . . . [the second question presented] is not properly before us not having been raised before the Referee or the Board. The reason for this rule is well exemplified by the present case for had it been raised, there would have been an opportunity to establish the facts on the record.

The waiver rule is also embodied in Pa.R.A.P. 1551 which governs this case:

> Rule 1551. Scope of Review.
>
> (a) Review of quasijudicial orders. . . . No question shall be heard or considered by the court which was not raised before the government unit except: . . .
>
> (3) Questions which the court is satisfied that the petitioner could not by the exercise of due diligence have raised before the government unit. . . .

*See Karamanian v. Unemployment Compensation Board of Review*, 46 Pa.Cmwlth. 163, 405 A.2d 1364 (1979). Moreover, the waiver rule is mandated by the Administrative Agency Law which governs this case:

> § 703. Scope of review
>
> (a) General rule.—A party who proceeded before a Commonwealth agency under the terms of a particular statute . . . may not raise upon appeal any other question

not raised before the agency ... unless allowed by the court upon due cause shown. ...

2 Pa.C.S.A. § 703. *See Placid v. Unemployment Compensation Board of Review*, 58 Pa.Cmwlth. 250, 427 A.2d 748 (1981).

Waiver is a viable concept in unemployment compensation proceedings, and the Commonwealth Court erred in not finding that the willful misconduct issue was waived.

This result is in accord with our decisions in *Dilliplaine v. Lehigh Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974) and *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974), which announced the waiver rule in civil and criminal cases. The *Dilliplaine* and *Clair* rationales are perfectly apposite in administrative law cases as well: the administrative law tribunal must be given the opportunity to correct its errors as early as possible; diligent preparation and effective advocacy before the tribunal must be encouraged by requiring the parties to develop complete records and advance all legal theories; and the finality of the lower tribunals' determinations must not be eroded by treating each determination as part of a sequence of piecemeal adjudications.

The Board correctly notes that the question of whether a particular claimant quit or was fired is a question of law and not of fact. *See Chinn v. Unemployment Compensation Board of Review*, 57 Pa.Cmwlth. 582, 426 A.2d 1250 (1981). The gist of the Board's argument seems to be that since the theory upon which the case is decided (being a question of law) is somehow out of the hands of the employer, the employer should not suffer if the theory is wrong. This argument is meritless because even if the Bureau, the Referee, and the Board all espouse an incorrect theory, the employer must at least propose the allegedly correct theory or waive consideration of it.

The Board, relying on the vintage Superior Court cases of *Gagliardi v. Unemployment Compensation Board of Review*,

186 Pa.Super. 142, 141 A.2d 410 (1958) and *Ault v. Unemployment Compensation Board of Review,* 188 Pa.Super. 260, 146 A.2d 729 (1958), *rev'd. on other grounds,* 398 Pa. 250, 157 A.2d 375 (1960), also suggests that the waiver rule is inappropriate in unemployment compensation proceedings because the proceedings are nonadversarial in nature. We cannot agree with this suggestion. Recent cases have clearly stated that the employer must carry the burden of proof in a willful misconduct case. *See Chinn v. Unemployment Compensation Board of Review, supra.* An adversary system is created whenever the burden of proof is allocated to either party. Moreover, in Anglo-American law, the adversary system is highly lauded and considered the best means of bringing truth to light. The waiver rule is perfectly appropriate in unemployment compensation proceedings.

Finally, the Board claims that the piecemeal adjudication process espoused by the Commonwealth Court cannot result in prejudice to the claimants. This claim is patently meritless. It is difficult to imagine what could be more prejudicial to claimants than if, after nearly two years of litigation and appeals, they find themselves before the lower tribunal and again forced to litigate issues long since waived, and uncertain if yet other, novel theories will be thrust upon them in another two years.

Accordingly, the cases are remanded to the Board for computation of benefits only.

ROBERTS, J., concurs in the result.

WILKINSON, J., did not participate in the consideration or decision of this case.