Mamie Simpson, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs October 5, 1983, to Judges ROGERS, BARRY and BARBIERI, sitting as a panel of three.

*James A. Pitonyak,* for petitioner.

*John M. Quinn, Sr., Quinn, Gent, Buseck & Leem-huis, Inc.,* with him *Gregory I. Rasin and Lynn C. Out-water, Jackson, Lewis, Schnitzler & Krupman,* for intervenor, Saint Vincent Health Center.

OPINION BY JUDGE BARBIERI, January 13, 1984:

This is an appeal from an order of the Unemployment Compensation Board of Review denying benefits to Mamie Simpson (Claimant) on the ground that she was discharged from her employment because of disqualifying willful misconduct. We affirm.

Claimant was last employed as an instructor and coordinator for the education department of the St. Vincent Health Center (Center), a position she held for over four years. In January of 1982, Claimant, who is black, and a co-worker, who is white, were informed that they would share the responsibility for coordinating product in-service training for nursing personnel. This job consisted of scheduling and making the necessary logistical arrangements for the demonstration of new products to the Center's nursing staff by representatives of the suppliers of these products. After satisfactorily performing this function for a period of six weeks, Claimant was informed by her supervisor that she would have to handle the arrangements for an upcoming presentation because her co-worker, who had initially been assigned the

task, had to attend a conference. Claimant was also informed that her co-worker would be assigned to arrange the next two product demonstrations to compensate for this reassignment. In response, Claimant sent a letter to her supervisor informing her that she could not perform the job of coordinating in-service training for nursing personnel, that she thought a nurse should perform this function, and that she thought that she was assigned tasks other employees did not want because of her race. The following day Claimant once again refused to perform the assignment after meeting with the Center's personnel director, and was, following a suspension, discharged from her position. Following two days of hearings on the question of Claimant's eligibility for benefits, the referee found as facts, *inter alia*, (1) that the task of coordinating in-service training for nursing personnel was not excluded from Claimant's job description, (2) that there was a grievance procedure available, which Claimant refused to use, for challenging job assignments, (3) that Claimant had successfully coordinated product demonstrations four times prior to her refusal to perform the assignment, (4) that the other Center employee assigned to this task was also not a nurse, and (5) that "[n]either the job assignment given the claimant on March 8, 1982 nor the claimant's dismissal was discriminatory in nature." The referee accordingly concluded that Claimant was disqualified from receiving benefits by the provisions of Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e), this decision was affirmed on an appeal to the Board, and the present appeal followed.

The initial burden of proving willful misconduct rests with the employer. *Orloski v. Unemployment*

*Compensation Board of Review,* 52 Pa. Commonwealth Ct. 254, 415 A.2d 720 (1980). We have recognized, however, that an employer can establish a prima facie case of willful misconduct by showing that its employee refused a reasonable work assignment, *Jackim v. Unemployment Compensation Board of Review,* 63 Pa. Commonwealth Ct. 5, 437 A.2d 775 (1981), and that the burden then shifts to the employee to show that he or she had good cause for refusing the work assignment. *Mitsch v. Unemployment Compensation Board of Review,* 53 Pa. Commonwealth Ct. 547, 417 A.2d 1347 (1980); *Laws v. Unemployment Compensation Board of Review,* 50 Pa. Commonwealth Ct. 424, 412 A.2d 1381 (1980). Where, as here, the employee has failed to meet his or her burden of establishing good cause, our scope of review of the Board's factual determinations on this issue is limited to determining whether the Board's findings of fact can be sustained without a capricious disregard of competent evidence. *Jackim.*

Before this Court, Claimant initially alleges that there is not substantial evidence of record to support the Board's finding that she refused her employer's work assignment. While there is some evidence of record that could be construed to indicate that Claimant merely complained about the job assignment, rather than refused it, ample evidence to the contrary was also produced, and the Board, in the exercise of its fact-finding function, simply found this latter evidence to be more credible. The resolution of such conflicts in the evidence, of course, will not be disturbed on appeal. *Roach v. Unemployment Compensation Board of Review,* 31 Pa. Commonwealth Ct. 424, 376 A.2d 314 (1977).

Claimant alleges next that the Board capriciously disregarded evidence ''as to the possibility that racial

issues may have been present.'' Suffice it to say that the record is entirely devoid of any evidence indicating that Claimant was treated any differently than the other employees, other than Claimant's own self-serving claim that she felt she was being given assignments which no one else wanted to do because of her race. In light of this total lack of evidence, we cannot say that the Board capriciously disregarded evidence of illegal discrimination.

Finally, Claimant argues that the referee erred as a matter of law by refusing Claimant's prehearing request to subpoena five individuals to testify as to a pattern of racial bias at the Center. Since Claimant failed to raise this issue below, however, it may not be considered here. Section 703 of the Administrative Agency Law, 2 Pa. C. S. §703; *see also Merritt v. Unemployment Compensation Board of Review*, 52 Pa. Commonwealth Ct. 338, 415 A.2d 987 (1980).

We shall accordingly affirm.

### Order

Now, January 13, 1984, the order of the Unemployment Compensation Board of Review at Decision No. B-209214, dated August 24, 1982, is affirmed.