523 A.2d 1202

Irv Schneider, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 8, 1987, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Albert L. Becker,* for petitioner.

*Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, April 10, 1987:

This is an appeal by Irv Schneider (petitioner) from an order of the Unemployment Compensation Board of Review (Board) affirming a referee's denial of benefits to petitioner pursuant to Section 402(e) of the Pennsylvania Unemployment Compensation Law (Law).[1] For the reasons which follow, we affirm.

Petitioner was employed as a wood shop teacher by the Philadelphia School District. Through the complaint of a student's mother, School District authorities became aware that petitioner struck a student on the head with a chisel. As a result, the student sustained a head injury. On April 25, 1985, petitioner was discharged for violation of a School District policy against corporal punishment. Petitioner does not dispute that this incident occurred. He contends that this student and another member of the class were running around the shop passing his grade book back and forth. He contends that his actions were justified because he was trying to maintain order in the wood shop and that he merely tapped the student lightly.

Petitioner filed an application for unemployment compensation benefits with the Office of Employment Security (OES). OES denied benefits concluding that petitioner was discharged for willful misconduct in vio-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

lation of Section 402(e) of the Law. Petitioner appealed the OES determination to a referee. A hearing was held at which a representative of employer, petitioner and his attorney were present. The employer's witness, the student who was struck by petitioner, testified by telephone. The referee affirmed the OES decision, and petitioner appealed to the Board. The Board affirmed, and petitioner now appeals to this Court.

Our scope of review is limited to a determination of whether findings of fact are supported by substantial evidence, constitutional rights were violated or errors of law committed. *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986).

On appeal, petitioner raises the following issues for our disposition: 1) was the testimony of employer's witness admissible where petitioner was without notice that this witness would testify over the telephone; and 2) whether the employer met its burden of establishing that petitioner's conduct was violative of its policy against corporal punishment where it did not introduce a copy of that policy.

Relying on *Knisley v. Unemployment Compensation Board of Review,* 93 Pa. Commonwealth Ct. 519, 501 A.2d 1180 (1985), petitioner asserts the student's testimony should be stricken. In *Knisley* this Court stated "we can no longer allow the Board to conduct telephonic hearings, *over the objections of one of the litigants,* without first having promulgated regulations which will safeguard the minimum due process rights of the parties and also insure that the hearings are conducted uniformly by the referees." *Id.* at 520, 501 A.2d at 1182 (emphasis added).

The referee placed the phone call to employer's witness and the employer commenced direct examination. After considerable testimony, the referee decided to terminate the phone call because of difficulty in hearing

the witness and to place the call again in order to achieve a better connection. At that time, petitioner's attorney stated "to save some time, we strongly object to Walter's testimony."[2] He stated no reason for this objection.

Petitioner failed to raise this issue before the Board and attempts to assert it for the first time on appeal to this Court. Not having been raised before the Board, this issue is not properly before us and therefore, it is deemed to be waived. *Wing v. Unemployment Compensation Board of Review*, 496 Pa. 113, 436 A.2d 179 (1981); Section 703 of the Administrative Agency Law, 2 Pa. C. S. §703.

Petitioner's second ground for appeal is that the employer did not meet its burden of establishing that his conduct was violative of its policy against corporal punishment. He asserts that employer must introduce a copy of that policy into the record and must prove that he violated this policy in order to establish willful misconduct.

This Court has ofttimes stated the proposition that in *violation of rules cases* the employer has the burden of proving the existence of a rule and the fact of its violation, and the employee, if attempting to justify a violation, has the burden of establishing good cause. *See Myers v. Unemployment Compensation Board of Review*, 88 Pa. Commonwealth Ct. 399, 490 A.2d 18 (1985); *Doyle v. Unemployment Compensation Board of Review*, 57 Pa. Commonwealth Ct. 494, 426 A.2d 756 (1981). Assuming that the referee based his willful misconduct determination on petitioner's discharge for violation of employer's rule against corporal punishment, employer should have introduced a copy of the policy.[3]

---

[2] Walter is the name of the employer's witness.

[3] It is clear that the referee concluded that petitioner was ineligible for benefits because of willful misconduct. It is not clear

However, this conclusion does not require us to reverse the Board. "A reviewing court may affirm an order if it is correct for any reason, regardless of the reasons given by the tribunal." *Department of Public Welfare v. Dauphin County Social Services for Children and Youth,* 90 Pa. Commonwealth Ct. 295, 299, 495 A.2d 214, 216 (1985).

Section 402(e) of the Law provides that an employee shall be ineligible for compensation in any week in which his unemployment is due to his discharge or temporary suspension from work for willful misconduct. 43 Pa. C. S. §802(e). Whether petitioner's conduct rises to the level of willful misconduct is a question of law, subject to our review. *Wysocki v. Unemployment Compensation Board of Review,* 87 Pa. Commonwealth Ct. 260, 487 A.2d 71 (1985). While the statute does not define willful misconduct, our appellate courts have defined it as "[a]n act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, *a disregard of the standards of behavior which the employer has a right to expect of an employee,* or negligence indicating an intentional disregard of the employer's interest or of the employe's duties and obligations to the employer." *Frumento v. Unemployment Compensation Board of Review,* 466 Pa. 81, 83-84, 351 A.2d 631, 632 (1976) (emphasis added).

The referee found that petitioner hit the student with a chisel, causing a head injury. We have already concluded that these findings are supported by substantial evidence. While in the case at bar the injury was

---

whether that misconduct was the violation of the employer's rule against corporal punishment or a determination that petitioner's actions were violative of those standards of conduct which an employer has a right to expect of an employee. The referee defined willful misconduct as including both of those types of conduct but did not state which one he was relying upon.

not severe, hitting a student in the head with a chisel was clearly "a disregard of the standard of behavior which the employer has a right to expect of an employee", *id.*, and rises to the level of willful misconduct.

Accordingly, we affirm.

ORDER

AND NOW, April 10, 1987, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.