543 A.2d 593

Edward R. Merida, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 7, 1987, to Judges MAC-PHAIL, DOYLE and BARRY, sitting as a panel of three. Reargued December 16, 1987, before Judges MACPHAIL, DOYLE and BARRY, sitting as a panel of three.

*Edward Van Stevenson, Jr., Neighborhood Legal Services Association,* for petitioner.

*Jonathan Zorach,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, June 17, 1988:

By order dated October 27, 1987 this Court granted reconsideration of our decision in the above-captioned matter. Our original opinion, filed on August 20, 1987, held that Edward R. Merida (Claimant) had preserved his right to object to a second hearing before the referee and we remanded to the Unemployment Compensation Board of Review (Board) for specific factual findings related to the employer's absence from the first hearing and whether that hearing should have been interrupted for the appearance of the employer's representatives. Subsequent to the filing of our opinion, the Board petitioned for reconsideration arguing that Claimant had waived the issue of the propriety of the second hearing by failing to raise it specifically in his appeal to the Board. The Board's petition was granted and supplemental briefs were filed. The case was then argued before the Court on December 16, 1987.

The underlying merits are not particularly pertinent to the precise issue before us so we shall mention them only briefly. Claimant was employed by Prudential Maintenance Service as a maintenance worker. He was

discharged after his supervisor discovered certain discrepancies between his sign-in times on the building register and his sign-in times on his payroll record. The Office of Employment Security (OES) denied his claim for benefits on the basis that he had committed disqualifying willful misconduct under Section 402(e) of the Unemployment Compensation Law,[1] 43 P.S. §802(e). Claimant appealed to the referee and a hearing was conducted. The employer's witnesses did not participate in that hearing and the parties apparently dispute why that is so. After the original hearing was closed it was apparently brought to the referee's attention that employer's witnesses had arrived for the hearing and had not been ushered into the hearing room. The referee, therefore, directed that a second hearing be scheduled. At the beginning of that hearing Claimant's counsel objected (at the referee level) to the second hearing being held.[2] The hearing, however, was held. The referee subsequently issued a determination denying benefits. That decision did not mention the propri-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*.

[2] The notes of testimony reveal the following:

I have an objection that I would like to make on the record for a second hearing being scheduled, the last hearing being held was August 20th, 1985 and we had appeared with witnesses and at the conclusion of the hearing upon leaving the hearing we noted the employer noted representatives are present and we know the reason why they didn't come into the hearing, while the hearing was in session unless they were trying to figure out who was present on the 20th to prepare at this hearing and so we make an objection, I am not aware of any reason why they didn't appear timely or call to delay the hearing and they know about hearings and they have been at hearings before and they know how the arrangements are made here for the unemployment compensation hearings.

ety of the second hearing. Claimant then appealed to the Board. On the Board's appeal form the appealing party is directed to state the "reasons for filing this appeal." In the appropriate space Claimant wrote only, "I don't agree with this decision." No additional explanatory information was attached.

The Board upheld the referee on the merits, thus, affirming the denial of benefits. But, in *dicta,* it also wrote:

> On appeal, *the claimant has not objected to the second hearing.* We nonetheless note for the record that the record of the second hearing reveals that the employer witnesses apparently came to the Referee's office during the first hearing but somehow were not admitted to the hearing room. The first hearing was then terminated, and counsel for the claimant even admitted seeing the employer representatives on their way out. We infer from these facts that the employer representatives should have been admitted to the first hearing and that the hearing should have been interrupted. Even assuming that the employer representatives arrived a few minutes late to the first hearing, the employer was prejudiced by not having been instructed to go into the hearing room, and we conclude that the second hearing was therefore properly scheduled. (Emphasis added.)

Claimant appealed to this Court contending, *inter alia,* that allowing the second hearing was in error. As previously noted, in our prior opinion, we remanded for findings on the employer's absence from the first hearing and whether the hearing should have been interrupted to admit its representatives. We noted in this earlier opinion that there was no evidence of record to support the inference the Board had drawn in its adjudication.

The Board again asserts, on reargument, as it did originally in its adjudication, that Claimant failed to preserve the issue of the propriety of the second hearing in his appeal to it. Thus, the narrow issue we shall consider, is whether Claimant properly preserved the issue for review.

Claimant contends that nothing in UCP-18 (apparently an informational pamphlet given out to individuals by local OES offices) specifically indicates that precise issues must be raised before the Board on appeal. This document is not of record here. Further, we do not view the statements in it as dispositive of the issue. More pertinent are Board Regulation 101.102 (governing appeals to the Board) and Board Regulation 101.82 (governing information to be included in the appeal filed with the referee). 34 Pa. Code §§101.102, 101.82. Regulation 101.102 states that information pertaining to an appeal to the Board "shall conform to the provisions of . . . [§] 101.82." Regulation 101.82 requires, *inter alia,* that the appealing party state "[t]he reasons for the appeal." To hold that this requirement is satisfied by language such as "I disagree" or "the decision was wrong" is to emasculate this provision since it is readily apparent that one who appeals obviously would not agree with the result below. A losing party never does. Obviously then, what is sought by the referee or Board is *some* indication, however inartfully stated, of precisely what error(s) occurred and where the tribunal should focus its attention.

Claimant also asserts that because the Board does not take evidence itself, but merely reviews the evidence taken before a referee, it is obligated to review the entire record for any error. Claimant's own brief, however, demonstrates the impracticality of expecting the Board to discover and raise, *sua sponte,* all errors. Claimant's attorney argues that he made various objections throughout the second hearing. The testimony in

that case comprised forty-five pages. The Board receives thousands of appeals each year. To expect it to consider every objection on the record without the objection being brought on appeal specifically to its attention and without it being afforded the benefit of the objecting party's legal argument, is to impose upon it a gargantuan task the successful completion of which, in this Court's view, would be impossible. We, thus, hold that while the Board must review all of the evidence, it need not engage in a *sua sponte* analysis of every possible legal error.

We believe that what Claimant actually argues is the doctrine of basic and fundamental error. That doctrine was rejected by our state Supreme Court in *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974). *Dilliplaine* was later specifically extended to cover Board proceedings in *Wing v. Unemployment Compensation Board of Review*, 496 Pa. 113, 436 A.2d 179 (1981). In *Wing* the Supreme Court explained the rationale for discarding the doctrine and applying the waiver rule by noting:

> [T]he administrative law tribunal must be given the opportunity to correct its errors as early as possible; diligent preparation and effective advocacy before the tribunal must be encouraged by requiring the parties to develop complete records and advance all legal theories; and the finality of the lower tribunals' determinations must not be eroded by treating each determination as part of a sequence of piecemeal adjudications.

*Id.* at 117, 436 A.2d at 181. Such rationale continues to be sound.

The Board, in its brief, expresses its concern that a distinction will be drawn between counseled and uncounseled claimants, the latter benefitting from a less stringent application of the waiver rule. We believe that

*Vann v. Unemployment Compensation Board of Review,* 508 Pa. 139, 494 A.2d 1081 (1985) forbids such a distinction. Therefore, we hold that the question of whether a claimant or employer is represented by counsel is legally irrelevant to whether a waiver has been effected.

Turning our attention now to our own precedent, we note that we have repeatedly applied the waiver rule where an issue was not specifically raised before the Board. *See e.g., Schneider v. Unemployment Compensation Board of Review,* 105 Pa. Commonwealth Ct. 238, 523 A.2d 1202 (1987); *Simpson v. Unemployment Compensation Board of Review,* 79 Pa. Commonwealth Ct. 536, 469 A.2d 733 (1984); *Abbey v. Unemployment Compensation Board of Review,* 50 Pa. Commonwealth Ct. 323, 413 A.2d 3 (1980). We believe that these precedents are legally sound and in accordance with *Dilliplaine* and *Wing;* hence, we decline to overrule them.

Under the facts presented, therefore, it is clear that Claimant has failed to preserve, before the Board, in accordance with Board regulations and this Court's precedent, the issue of the propriety of the second hearing. Therefore, it is waived. *See* Pa. R.A.P. 1551.

Accordingly, we affirm the order of the Board.

ORDER

Now, June 17, 1988, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.