117 Pa. Commonwealth Ct. 181 (1988)
543 A.2d 593
Edward R. Merida, Petitioner
v.
Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.
No. 3281 C.D. 1985.
Commonwealth Court of Pennsylvania.
Submitted on briefs January 7, 1987.
June 17, 1988.
Submitted on briefs January 7, 1987, to Judges MacPHAIL, DOYLE and BARRY, sitting as a panel of three. Reargued December 16, 1987, before Judges MacPHAIL, DOYLE and BARRY, sitting as a panel of three.
*182 Edward Van Stevenson, Jr., Neighborhood Legal Services Association, for petitioner.
Jonathan Zorach, Assistant Counsel, with him, Clifford F. Blaze, Deputy Chief Counsel, for respondent.
OPINION BY JUDGE DOYLE, June 17, 1988:
By order dated October 27, 1987 this Court granted reconsideration of our decision in the above-captioned matter. Our original opinion, filed on August 20, 1987, held that Edward R. Merida (Claimant) had preserved his right to object to a second hearing before the referee and we remanded to the Unemployment Compensation Board of Review (Board) for specific factual findings related to the employer's absence from the first hearing and whether that hearing should have been interrupted for the appearance of the employer's representatives. Subsequent to the filing of our opinion, the Board petitioned for reconsideration arguing that Claimant had waived the issue of the propriety of the second hearing by failing to raise it specifically in his appeal to the Board. The Board's petition was granted and supplemental briefs were filed. The case was then argued before the Court on December 16, 1987.
The underlying merits are not particularly pertinent to the precise issue before us so we shall mention them only briefly. Claimant was employed by Prudential Maintenance Service as a maintenance worker. He was *183 discharged after his supervisor discovered certain discrepancies between his sign-in times on the building register and his sign-in times on his payroll record. The Office of Employment Security (OES) denied his claim for benefits on the basis that he had committed disqualifying willful misconduct under Section 402(e) of the Unemployment Compensation Law,[1] 43 P.S. §802(e). Claimant appealed to the referee and a hearing was conducted. The employer's witnesses did not participate in that hearing and the parties apparently dispute why that is so. After the original hearing was closed it was apparently brought to the referee's attention that employer's witnesses had arrived for the hearing and had not been ushered into the hearing room. The referee, therefore, directed that a second hearing be scheduled. At the beginning of that hearing Claimant's counsel objected (at the referee level) to the second hearing being held.[2] The hearing, however, was held. The referee subsequently issued a determination denying benefits. That decision did not mention the propriety *184 of the second hearing. Claimant then appealed to the Board. On the Board's appeal form the appealing party is directed to state the "reasons for filing this appeal." In the appropriate space Claimant wrote only, "I don't agree with this decision." No additional explanatory information was attached.
The Board upheld the referee on the merits, thus, affirming the denial of benefits. But, in dicta, it also wrote:
On appeal, the claimant has not objected to the second hearing. We nonetheless note for the record that the record of the second hearing reveals that the employer witnesses apparently came to the Referee's office during the first hearing but somehow were not admitted to the hearing room. The first hearing was then terminated, and counsel for the claimant even admitted seeing the employer representatives on their way out. We infer from these facts that the employer representatives should have been admitted to the first hearing and that the hearing should have been interrupted. Even assuming that the employer representatives arrived a few minutes late to the first hearing, the employer was prejudiced by not having been instructed to go into the hearing room, and we conclude that the second hearing was therefore properly scheduled. (Emphasis added.)
Claimant appealed to this Court contending, inter alia, that allowing the second hearing was in error. As previously noted, in our prior opinion, we remanded for findings on the employer's absence from the first hearing and whether the hearing should have been interrupted to admit its representatives. We noted in this earlier opinion that there was no evidence of record to support the inference the Board had drawn in its adjudication.
*185 The Board again asserts, on reargument, as it did originally in its adjudication, that Claimant failed to preserve the issue of the propriety of the second hearing in his appeal to it. Thus, the narrow issue we shall consider, is whether Claimant properly preserved the issue for review.
Claimant contends that nothing in UCP-18 (apparently an informational pamphlet given out to individuals by local OES offices) specifically indicates that precise issues must be raised before the Board on appeal. This document is not of record here. Further, we do not view the statements in it as dispositive of the issue. More pertinent are Board Regulation 101.102 (governing appeals to the Board) and Board Regulation 101.82 (governing information to be included in the appeal filed with the referee). 34 Pa. Code §§101.102, 101.82. Regulation 101.102 states that information pertaining to an appeal to the Board "shall conform to the provisions of . . . [§] 101.82." Regulation 101.82 requires, inter alia, that the appealing party state "[t]he reasons for the appeal." To hold that this requirement is satisfied by language such as "I disagree" or "the decision was wrong" is to emasculate this provision since it is readily apparent that one who appeals obviously would not agree with the result below. A losing party never does. Obviously then, what is sought by the referee or Board is some indication, however inartfully stated, of precisely what error(s) occurred and where the tribunal should focus its attention.
Claimant also asserts that because the Board does not take evidence itself, but merely reviews the evidence taken before a referee, it is obligated to review the entire record for any error. Claimant's own brief, however, demonstrates the impracticality of expecting the Board to discover and raise, sua sponte, all errors. Claimant's attorney argues that he made various objections throughout the second hearing. The testimony in *186 that case comprised forty-five pages. The Board receives thousands of appeals each year. To expect it to consider every objection on the record without the objection being brought on appeal specifically to its attention and without it being afforded the benefit of the objecting party's legal argument, is to impose upon it a gargantuan task the successful completion of which, in this Court's view, would be impossible. We, thus, hold that while the Board must review all of the evidence, it need not engage in a sua sponte analysis of every possible legal error.
We believe that what Claimant actually argues is the doctrine of basic and fundamental error. That doctrine was rejected by our state Supreme Court in Dilliplaine v. Lehigh Valley Trust Co., 457 Pa. 255, 322 A.2d 114 (1974). Dilliplaine was later specifically extended to cover Board proceedings in Wing v. Unemployment Compensation Board of Review, 496 Pa. 113, 436 A.2d 179 (1981). In Wing the Supreme Court explained the rationale for discarding the doctrine and applying the waiver rule by noting:
[T]he administrative law tribunal must be given the opportunity to correct its errors as early as possible; diligent preparation and effective advocacy before the tribunal must be encouraged by requiring the parties to develop complete records and advance all legal theories; and the finality of the lower tribunals' determinations must not be eroded by treating each determination as part of a sequence of piecemeal adjudications.
Id. at 117, 436 A.2d at 181. Such rationale continues to be sound.
The Board, in its brief, expresses its concern that a distinction will be drawn between counseled and uncounseled claimants, the latter benefitting from a less stringent application of the waiver rule. We believe that *187 Vann v. Unemployment Compensation Board of Review, 508 Pa. 139, 494 A.2d 1081 (1985) forbids such a distinction. Therefore, we hold that the question of whether a claimant or employer is represented by counsel is legally irrelevant to whether a waiver has been effected.
Turning our attention now to our own precedent, we note that we have repeatedly applied the waiver rule where an issue was not specifically raised before the Board. See e.g., Schneider v. Unemployment Compensation Board of Review, 105 Pa. Commonwealth Ct. 238, 523 A.2d 1202 (1987); Simpson v. Unemployment Compensation Board of Review, 79 Pa. Commonwealth Ct. 536, 469 A.2d 733 (1984); Abbey v. Unemployment Compensation Board of Review, 50 Pa. Commonwealth Ct. 323, 413 A.2d 3 (1980). We believe that these precedents are legally sound and in accordance with Dilliplaine and Wing; hence, we decline to overrule them.
Under the facts presented, therefore, it is clear that Claimant has failed to preserve, before the Board, in accordance with Board regulations and this Court's precedent, the issue of the propriety of the second hearing. Therefore, it is waived. See Pa. R.A.P. 1551.
Accordingly, we affirm the order of the Board.

ORDER
Now, June 17, 1988, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.
*187a DISSENTING OPINION BY JUDGE BARRY:
The majority holds that a party appealing a referee's decision to the Board of Review waives any issues not specified as error when the appeal is filed. I do not believe any of the cases relied upon by the majority compel such a result. Furthermore, I am convinced that this decision will lead to unjust results harming the very individuals meant to be aided by the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, 43 P.S. §§ 751-914. I therefore respectfully dissent.
The Board of Review is a unique body. While it is the ultimate fact finder, Peak v. Unemployment Compensation Board of Review, 509 Pa. 267, 501 A.2d 1383 (1985), the Board generally makes these factual determinations by reviewing the entire record made before the referee. Because of this procedure, I agree with the claimant's assertion that the Board is required to rule on all issues presented at the hearing before the referee. The majority's position that this is a "gargantuan task" fails, I believe, for two reasons. First, the majority states that the Board should be assisted by the appealing party's legal argument. However in most proceedings before the Board neither are briefs filed nor is oral argument held. Second, and even more important, there is no caselaw on this exact point, leading to the inescapable conclusion that the Board has been able to complete its duties for over fifty years without requiring what the majority contends it needs.
I disagree strongly with the majority's assertion that the claimant is seeking to reintroduce the concept of basic and fundamental error, a concept rejected by the Pennsylvania Supreme Court in Dilliplaine v. Lehigh Valley Trust Co., 457 Pa. 255, 322 A.2d 114 (1974). That concept permitted an appellate court to consider errors at trial when no objection or exception was made at the time the error was committed. In the present case, the objection in question was entered before the referee. For that reason, Dilliplaine is honored and Wing v. Unemployment Compensation *187b Board of Review, 496 Pa. 113, 436 A.2d 179 (1981), is inapposite.
The majority cites three cases for the proposition that an issue not specifically raised before the Board is waived. Schneider v. Unemployment Compensation Board of Review, 105 Pa. Commonwealth Ct. 238, 523 A.2d 1202 (1987); Simpson v. Unemployment Compensation Board of Review, 79 Pa. Commonwealth Ct. 536, 469 A.2d 733 (1984); and Abbey v. Unemployment Compensation Board of Review, 50 Pa. Commonwealth Ct. 323, 413 A.2d 3 (1980). Review of those cases does not convince that they deal with the same situation as we are presented with in this case. Schneider, for example, dealt with testimony taken over the telephone at the referee's hearing. When that testimony of an employer witness commenced, no objection was made by the claimant. When the referee decided to terminate the phone call to place another in order to get a better connection, the claimant objected but gave no reason for the objection. On appeal, the claimant sought to have the testimony stricken. While we did state in that opinion that the issue was waived because the claimant failed to raise that issue before the Board, the claimant failed to specifically object to the procedure before the referee; it is for that reason, I believe, that the issue was waived.
Similarly, in Simpson, the claimant made a prehearing request to subpoena various witnesses. Evidently, that request was denied and no objection was made at the hearing before the referee. When the claimant sought to challenge that denial on appeal in this Court, we stated, "Since Claimant failed to raise this issue below, however, it may not be considered here." Id. 79 Pa. Commonwealth Ct. at 540, 469 A.2d at 735 (emphasis added). Again, that case simply does not deal with the question with which we are now presented.
Finally, Abbey is also distinguishable. While this Court did state that an issue was waived because it was not raised before the Board, there is no mention in the opinion that the issue was raised before the referee. Further, we relied upon *187c Zakrzewski v. Unemployment Compensation Board of Review, 33 Pa. Commonwealth Ct. 216, 381 A.2d 503 (1978), as support for the stated proposition. In Zakrzewski, we held that an issue was waived because it was not raised before either the referee or the Board.
I also disagree with the majority's treatment of the claimant's contention concerning the UCP-18 form. While that form was not placed in the record, it is a public document and the board does not challenge that the form, in fact, exists and is given to parties to unemployment compensation proceedings. That form provides, inter alia:
APPEALS TO THE BOARD OF REVIEW
If you feel that the Referee's decision is incorrect, you should contact the local office of the Office of Employment Security which issued the original determination, to file an appeal. If you cannot report in person to that particular office, you may file an appeal at another local office; or, you may write to the local office that issued the determination. The letter must state specifically that you wish to file an appeal from the Referee's decision, and give the claimant's name, social security number and appeal number.
. . . .
The Board members review the previously established record in connection with each request for a further appeal from the Referee's decision, and will determine whether or not there is any need for an additional hearing.
If the Board determines that the record established at the Referee level meets the Board's fact-finding responsibilities, and that the parties were given an ample opportunity to present their testimony and evidence at the Referee hearing, then it may proceed to decide the case on the basis of that record.

....

*187d If you wish to clarify or expand testimony already recorded, you should request, in writing, of the Secretary, UC Board of Review . . . the Board's permission to file a brief . . . or to be scheduled for an oral argument . . . before the Board in Harrisburg.
(Emphasis added). The majority states that the information in this form is not pertinent, relying on Board regulations contained in the Pennsylvania Code. All that those regulations require is that the appealing party state "[t]he reasons for the appeal." Pa. Code § 101.82. Even if a party were to go to the Pennsylvania Code, this language, when considered with the informational form provided by the OES, would not lead a party to the conclusion that the specificity called for by the majority is required. See Gill v. Unemployment Compensation Board of Review, 165 Pa. Superior Ct. 605, 70 A.2d 422 (1950) (where a party is unintentionally misled by the Bureau, courts will relieve the innocent party of the consequences of reliance on such misleading information).
Were the Board to require such specificity, fairness would require that such a change be done by regulation in a prospective manner. As already mentioned, because there are no cases directly on point, I believe it has been the Board's practice to review the entire record and all objections made before the referee. With the majority's holding today, parties who have already filed appeals to the Board prior to today's decision will find that issues have been waived when in the past such waiver did not exist.
In conclusion, I believe that all objections made before the referee are preserved for review by the Board when a party appeals a referee's determination. Because the claimant here objected to the second hearing, I would remand for specific factual findings concerning the reason for the employer's absence at the original hearing.
NOTES
[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended.
[2] The notes of testimony reveal the following:

I have an objection that I would like to make on the record for a second hearing being scheduled, the last hearing being held was August 20th, 1985 and we had appeared with witnesses and at the conclusion of the hearing upon leaving the hearing we noted the employer noted representatives are present and we know the reason why they didn't come into the hearing, while the hearing was in session unless they were trying to figure out who was present on the 20th to prepare at this hearing and so we make an objection, I am not aware of any reason why they didn't appear timely or call to delay the hearing and they know about hearings and they have been at hearings before and they know how the arrangements are made here for the unemployment compensation hearings.