J-A20005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ETHAN STEWART KENNEY | |
| | No. 1542 WDA 2015 |

Appeal from the Order Entered September 29, 2015
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0001323-2014

BEFORE: BOWES, STABILE AND MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED JANUARY 06, 2017**

The Commonwealth appeals from the September 29, 2015 order precluding it from presenting certain evidence at trial. We find the issues waived and thus, dismiss this appeal.

Appellee Ethan Stewart Kenney was charged with homicide by vehicle while driving under the influence of alcohol, accidents involving death, homicide by vehicle, driving under the influence of alcohol while a minor, purchase of alcohol by a minor, and various violations of the Motor Vehicle Code. The charges in question arose from a single-vehicle traffic accident that occurred sometime during the early morning hours of June 9, 2013, on Ridge Boulevard, Dunbar Township.

The affidavit of probable cause filed in this matter indicates that the following occurred. At approximately 4:00 a.m. on the day in question, a 911 call was placed about the collision. State Trooper Andrew Barron was the first police responder, arriving at 4:18 a.m., and he observed Appellant's vehicle, a black 2004 Chevrolet Colorado truck, with heavy damage to its exterior. The vehicle in question had failed to negotiate a curve in the highway and then struck a guardrail, a bridge abutment, and another guardrail before it became lodged against a tree. There was no one in the driver's seat, but the sole passenger, Catherine Healy, was severely injured. Emergency medical personnel had arrived at the scene before Trooper Barron and were in the process of transporting Ms. Healy to the hospital, where she later died from those injuries.

The time of the accident was not outlined in the affidavit. When Trooper Barron arrived at the crash site, there were two people present, Jeremy Lee Castrodad and Julia Livengood. They both told Trooper Barron that Appellee had been with them at a party held at a house owned by Rick Noel on Ridge Boulevard and that Appellee "left the party sometime before them." Affidavit of Probable Cause, 1/3/14, at 1. After Mr. Castrodad and Ms. Livengood departed from Mr. Noel's house, they came upon the accident and recognized Appellee's truck. It was Mr. Castrodad who telephoned 911. Both of

these witnesses also said that, after they stopped at the crash site, Appellee exited a wooded area, tried to give Ms. Healy medical attention, asked them not to telephone the police, and then fled back into the woods upon the arrival of the emergency medical services ("EMS") personnel.

The affidavit of probable cause further sets forth the following. At 6:00 a.m., Trooper Barron spoke with the two EMS responders who had aided Ms. Healy. They told the officer that when they arrived at the scene at 4:07 a.m., they observed a male performing chest compressions on Ms. Healy before he fled the scene. Two other state troopers found Appellee walking toward his residence at approximately 6:40 a.m. He agreed to have his blood drawn,[1] and his blood alcohol content was .117%.

The following facts are not contested. State Trooper Todd Stephenson of the Collision Analysis and Reconstruction Unit was called to aid in the investigation. After he viewed and took photographs of the accident scene, police impounded Appellee's vehicle and had it towed. Police then obtained a search warrant for the truck. They inspected it for mechanical integrity and downloaded

---

[1]  At the preliminary hearing, it was established that Appellee's blood was drawn at 7:15 a.m. at Uniontown Hospital.

the information from the vehicle's event data recorder. The results of the inspection conducted pursuant to the search warrant were used by Trooper Stephenson to complete an expert report on the cause of the motor vehicle accident.

The charges against Appellee were not filed until January 3, 2014, six months after the June 9, 2013 accident. Following the preliminary hearing, Appellee filed an omnibus pretrial motion in which he sought *habeas corpus* relief and contended, *inter alia*, that there was insufficient evidence to establish that the accident occurred due to his ingestion of alcohol. That motion was not successful. On June 29, 2015, Appellee filed a motion asking to inspect the vehicle and for access to the expert report issued by Trooper Stephenson. That motion was granted on July 8, 2015, and the court accorded Appellee "access to the vehicle for inspection" and the full contents of the report. Order of Court, 7/8/15, at 1.

On September 24, 2015, Appellee filed a document titled, "Motion to Dismiss For Spoliation of Evidence." Therein, he sought the suppression of the expert report authored by Trooper Stephenson. In that report, Trooper Stephenson, based upon the results of the inspection conducted of Appellee's truck pursuant to the search warrant, concluded that the vehicle was operating in good working condition and had no major malfunctions.

In his motion, Appellee set forth the following. Even though the July 8, 2015 order accorded him access to the truck, which was towed and

impounded by police, the district attorney had failed to provide Appellee with any information as to the whereabouts of the vehicle. Appellee tried to locate it of his own. Appellee called the Uniontown State Police Barracks, and neither Trooper Stephenson nor Trooper Barron knew where the truck was located. The evidence custodial officer at the barracks likewise had no knowledge of the vehicle, but he ascertained that it was not in the Pennsylvania State Police impound lot. Based upon his inability to find the truck, Appellee set forth that he believed "that the vehicle was sold to a salvage yard, and was ultimately disposed of." Motion to Dismiss For Spoliation of Evidence, 9/24/15, at ¶ 14. He averred that the "disposal of the vehicle is spoliation of evidence on [the] part of the Commonwealth." *Id*. at ¶ 15. Appellee sought a ruling that the Commonwealth be prevented from presenting Trooper Stephenson's expert report since Appellee would not be able to rebut that report through his own inspection due to the Commonwealth's disposal of the truck.

In his September 28, 2015 brief in support of the motion, Appellee supplemented the pertinent facts by indicating that, four days after he filed his September 24, 2014 motion, the district attorney finally contacted him and told him that the truck had been towed to Joe's Body Shop in Fairbank, Pennsylvania after the accident and was last seen there. Appellee called Joe's Body Shop and was told that his insurance carrier had removed the

truck. Appellee said that neither he nor his counsel was notified that the insurance company had taken the truck.

In seeking suppression of the expert report, Appellee relied upon *Arizona v. Youngblood*, 488 U.S. 51 (1988) and *California v. Trombetta*, 467 U.S. 479 (1984), wherein the United States Supreme Court indicated that a defendant enjoys constitutionally-guaranteed access under the due process clause to tangible evidence, such as blood and semen, for purposes of examining such evidence for its potentially exculpatory value. Those cases also provide that, if the evidence is destroyed in good faith and in accordance with standard police practice, there is no due process violation, especially if the Commonwealth will not be relying upon its own testing on such evidence or there are other means by which the defendant can prove his innocence.

Appellee also relied upon the Pennsylvania Rules of Criminal Procedure:

> In all court cases, on request by the defendant, and subject to any protective order which the Commonwealth might obtain under this rule, the Commonwealth shall disclose to the defendant's attorney all of the following requested items or information, provided they are material to the instant case. **The Commonwealth shall**, when applicable, **permit the defendant's attorney to inspect** and copy or photograph such items (f) **any tangible objects**, including documents, photographs, fingerprints, or other tangible evidence.

Pa.R.Crim.P. 573(B)(f).

The Commonwealth failed to file any written response to Appellee's motion and brief. At the argument on the motion, the Commonwealth did not assert that it acted in good faith and in accord with its standard practice when it allowed the truck to be removed from the body shop. It also did not ask for a hearing on the motion. Instead, the Commonwealth made one statement: it still did not know the location of the truck and whether it had remained in the custody of the state police. N.T., Motions Court Proceedings, 9/28/16, at 3.

On September 28, 2015, the trial issued an order providing that the Commonwealth had until October 2, 2015 to make the vehicle available to Appellee for inspection. The order further stated, "In the event that the vehicle is not made available for inspection and examination by the Defendant, then testimony and/or evidence of the Commonwealth of Pennsylvania's examination of said vehicle is PRECLUDED FROM TRIAL." Order of Court, 9/26/15, at 3 (capitalization in original). The Commonwealth failed to make the vehicle available and the inspection results became inadmissible.

This appeal under Pa.R.A.P. 311(d)[2] followed. The Commonwealth raises two issues for our review:

---

[2] That rule states, "**Commonwealth appeals in criminal cases.**--In a criminal case, under the circumstances provided by law, the Commonwealth
*(Footnote Continued Next Page)*

- 7 -

I. Did the Court of Common Pleas err in failing to hold an evidentiary hearing on the [Appellee's] motion to dismiss for spoliation of evidence, prior to entering an order suppressing the evidence?

II. If the vehicle itself was an item of evidence which the Commonwealth was obligated to preserve, then prior to suppressing evidence arising from the vehicle, was the [Appellee] obligated to establish that the vehicle constituted materially exculpatory evidence or that the Commonwealth acted in bad faith by not preserving the vehicle?

Commonwealth's brief at 4 (capitalization omitted).[3]

We conclude that the issues raised in this appeal are waived. Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). The Commonwealth did not respond to Appellee's motion in writing. At the argument on the motion, the Commonwealth said one thing: it did not know where the truck was located. The Commonwealth did not seek a hearing in a written motion responding to Appellee's motion asking for the expert report to be suppressed. It did not,

may take an appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution." Pa.R.A.P. 311(d).

[3] We note that no attorney for the Commonwealth appeared at oral argument for this appeal. However, the Commonwealth had moved for a continuance of oral argument, which we had denied. In that order, we indicated that we would excuse any failure by counsel to appear at oral argument and that the matter would be decided on the briefs. Appellee appeared and argued that the issues raised in this appeal were waived and noted that the Commonwealth had more than three months to find out where the vehicle was located and did nothing to ascertain its whereabouts.

at the oral argument on Appellee's motion, request a hearing. Likewise, the Commonwealth did not assert, either in writing or in the argument on the motion, that the defendant had to prove that it acted in bad faith in disposing of the truck. Even now, it does not claim that it knows where the vehicle is or whether it was destroyed. It merely asserts that Joe's Body Shop gave it to an insurance company, a fact uncovered by Appellee and not the Commonwealth.

Our Supreme Court has repeatedly advised that issues not raised before the trial court may not be raised for the first time on appeal. It has cogently articulated its rationale for this rule of law:

> Issue preservation is foundational to proper appellate review. Our rules of appellate procedure mandate that "issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). By requiring that an issue be considered waived if raised for the first time on appeal, our courts ensure that the trial court that initially hears a dispute has had an opportunity to consider the issue. *Lincoln Philadelphia Realty Assoc. v. Bd. or Revision of Taxes of Philadelphia*, 563 Pa. 189, 203, 758 A.2d 1178, 1186 (2000). This jurisprudential mandate is also grounded upon the principle that a trial court, like an administrative agency, must be given the opportunity to correct its errors as early as possible. *Wing v. Com. Unemployment Comp. Bd. of Review*, 496 Pa. 113, 117, 436 A.2d 179, 181 (1981). Related thereto, we have explained in detail the importance of this preservation requirement as it advances the orderly and efficient use of our judicial resources. *See generally Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 258–59, 322 A.2d 114, 116–17 (1974). Finally, concepts of fairness and expense to the parties are implicated as well. *Id.*

*In re F.C. III*, 2 A.3d 1201, 1211–12 (Pa. 2010).

The Commonwealth's lackadaisical approach to the issue of Appellee's inspection of the vehicle involved herein is startling. The police had towed and impounded the vehicle, which was therefore subject to the Commonwealth's control after the accident. On July 8, 2015, the Commonwealth was told that Appellee had the right to inspect the truck in order to attempt to refute the expert report. The Commonwealth made no effort to locate a vehicle that had been subject to its control since the accident. When faced with the motion to suppress the expert report, it did not respond to that motion or make any cogent argument at oral argument to refute Appellee's averments in the motion and accompanying brief. Since the issues raised herein were waived, we decline to address them.

Appeal dismissed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/6/2017

- 10 -