532 A.2d 1226

Edward J. Kelly, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 7, 1987, to Judges MAC-PHAIL, DOYLE and BARRY, sitting as a panel of three.

468

*Donald E. Williams,* for petitioner.

*Charles D. Donahue,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE BARRY, October 27, 1987:

Edward J. Kelly, Jr., the claimant, appeals from two orders of the Unemployment Compensation Board of Review (Board) which affirmed decisions of the referee finding that the claimant was liable for a non-fault recoupment under Section 804(b) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. 2897 (1937), *as amended,* 43 P.S. §874(b) (Supp. 1986).

In 1983, the claimant exhausted his regular benefits in Pennsylvania. He thereafter applied for, and received, extended benefits for the compensable week ending July 16, 1983, through the compensable week

ending August 6, 1983, in amounts totalling $780.00. He then received Federal Supplemental Compensation until November 26, 1983, in amounts totalling $2,775.00. During a visit to the New Castle office of the Office of Employment Security (OES) he was told that he might be eligible for benefits in Ohio because he had been employed there. In response to this suggestion he filed an application for benefits in Ohio which was initially denied. Claimant appealed this decision which was eventually reversed sometime in 1985 and claimant was granted benefits at a rate of $147.00/week.

Shortly after the Ohio authorities determined that claimant had been eligible to receive benefits during the period he had been receiving both Extended Benefits and Federal Supplemental Compensation, the OES in New Castle, in August of 1985, issued a determination that claimant was liable for a non-fault recoupment. The claimant appealed to the referee who found that, while claimant had received these benefits through no fault of his own and, indeed, because of the advice of the OES, he was nonetheless liable for a non-fault recoupment for amounts received in Extended Benefits and Federal Supplemental Compensation. The Board affirmed and this appeal followed.

On this appeal, claimant is represented by an attorney for the first time during these entire proceedings. He does not challenge the legal conclusion that he was liable for a non-fault recoupment, as the various statutes are clear that one may receive neither Extended Benefits nor Federal Supplemental Compensation during a period when the claimant is eligible for regular benefits in Pennsylvania or any other state. Here, claimant received such benefits during a period when he was entitled to regular benefits from Ohio. Rather, all that he challenges is the method of recoupment, wherein the State of Ohio repaid the entire $3,555.00 to which

claimant was entitled from the Ohio fund in one lump sum to the Unemployment Compensation Fund of this Commonwealth. Claimant contends that if Ohio were to pay his benefits in one lump sum, recoupment of the entire amount was contrary to law.

Section 804(b)(1) provides:

Any person who other than by reason of his fault has received . . . compensation . . . to which he was not entitled shall not be liable to repay such sum but shall be liable to have such sum deducted from any future compensation payable to him with respect to such benefit year, or the three year period immediately following such benefit year: Provided, that with respect to overpayment of one hundred dollars or more, recoupment from such future compensation shall not exceed one-third of the maximum benefit amount to which such person is entitled during any such subsequent benefit year nor one-third of the weekly benefit amount to which such person may be entitled for any particular week.

The Board argues that the claim now presented for the first time on appeal to this Court has been waived, citing *Wing v. Unemployment Compensation Board of Review*, 496 Pa. 113, 436 A.2d 179 (1981), which indeed stands for the proposition that an issue not raised before the referee or the Board cannot be raised in this Court. However, we do not believe the doctrine of waiver can be applied in this context. At the hearing before the referee, the only issue was claimant's liability for a non-fault recoupment. The same is true at the time, October 19, 1985, that claimant appealed to the Board. Claimant alleges that Ohio did not repay the entire sum until it issued checks dated November 13, 1985, seven days before the Board's orders in this case. If, in fact, claimant did not receive notice that Ohio repaid these monies to

the Pennsylvania Fund until after claimant filed an appeal to the Board, the method of recoupment simply was not at issue and we cannot hold that the claimant has waived this claim because he was unable to foresee that the Ohio authorities would repay the entire sum at one time. On the other hand, if claimant did know that Pennsylvania had received these funds before appealing to the Board, we believe this claim has been waived.[1]

We believe this unique case of first impression is one involving solely a question of statutory construction, more specifically, the meaning of the term "recoupment". Because we are remanding, we nonetheless feel it is in the best interests of judicial economy to give our view on this question. As that term is undefined in the Act, we turn to 1 Pa. C. S. §1903(a) which states, "Words . . . shall be construed according to the rules of grammar and according to their common and approved usage; but technical words . . . and such others as have acquired a peculiar and appropriate meaning . . . shall be construed according to such peculiar and appropriate meaning or definition." Webster's New Collegiate Dictionary (1981) defines "recoup" in the following ways: "1. to withhold rightfully part of (a sum legally claimed) instead of filing a counterclaim . . . 3: REGAIN . . ." *Id.* at 958. Black's Law Dictionary (5th ed. 1979) gives the following definitions. "To recover a loss by a subsequent gain. . . . It is the keeping back of something that is due because there is an equitable reason to withhold it. . . ." *Id.* at 1146. As these definitions show, "recoupment", or more specifically the verb "recoup", can be

---

[1] The Board, in its brief, does not deny such repayment occurred. As the Board is the ultimate fact finder in these matters, *Peak v. Unemployment Compensation Board of Review,* 509 Pa. 267, 501 A.2d 1383 (1985), we have no choice but to remand for a factual finding on this crucial allegation.

viewed in two different ways. As applied to the facts of this case Pennsylvania could be the recouping state in the sense of *receiving* the monies from Ohio, thereby recovering a loss. Ohio, on the other hand, could be the recouping state in the sense of withholding the monies for an equitable reason. The difference obviously is crucial for if Ohio is the recouping state, claimant's complaint would be in Ohio, and not here. If, on the other hand, Pennsylvania is the recouping state, claimant has shown a violation of Section 804(b) of the Act, as that section allows a maximum recoupment of only one-third of benefits presently payable until the entire amount is recouped, subject to the Act's three year limitation for recouping such a non-fault overpayment.

We must candidly admit that little guidance exists to assist in our resolution of this question. Case law is non-existent and the common and approved usages of "recoup" can lead to different results. Should we determine that Ohio is the recouping state, the Pennsylvania Fund would have funds it could not have obtained had claimant chosen not to prosecute his claim in Ohio, for we know of no authority for the Pennsylvania authorities to press the claim on claimant's behalf. On the other hand, claimant did unwittingly receive benefits to which he was not entitled. Faced with this dilemma, we believe the most equitable solution is to construe the statute in a way that each party receives a portion of the monies. As used in the statutes, we thus believe "recoup" is intended to mean the act of recovering or regaining the monies by the Pennsylvania Fund.[2] That

---

[2] Further, were this a case entirely within the jurisdiction of Pennsylvania, the Fund clearly would be entitled to recoup only one-third of the monies. That an outside jurisdiction is involved should not change that result.

being so, the legislature has done an apportionment whereby claimant is entitled to two-thirds of the monies and the Fund is entitled to the remainder. We feel it necessary to note that our decision will in no way endanger the Fund, for the facts of this case are so unique as to render this case *sui generis*.

The two orders of the Board from which claimant appealed held that claimant was ineligible for various extended benefits and that he was liable for a non-fault recoupment. Claimant does not challenge those orders on appeal, so those orders are affirmed. He does question, however, the method of recoupment and, as we have already stated our belief that Pennsylvania is the recouping body, this claim is cognizable, having been raised at the first opportunity on this appeal. A remand is in order.

## ORDER

NOW, October 27, 1987, the orders of the Unemployment Compensation Board of Review, dated November 20, 1985, at Nos. B-244811 and B-244812, are affirmed to the extent they hold claimant is liable for a non-fault overpayment. The matter is remanded for a factual finding on whether the Fund received the monies as alleged by the claimant. If so, the Board is directed to order repayment to claimant of an appropriate amount in accordance with this opinion. If claimant had notice of such receipt prior to appealing to the Board, no such repayment is necessary.

---

### DISSENTING OPINION BY JUDGE DOYLE:

I find I must dissent because I do not believe that Section 804(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. 2897 (1937), *as amended*, 43 P.S. §874(b)(1) (Law), is applicable to the factual situation presented to us in this

very unique case. Section 804(b)(1) gives only to the Commonwealth the right of recoupment against the Claimant, not the other way around. Since the Commonwealth has received all that it is entitled to, from Ohio, there is no recoupment possible. Had the state of Ohio sent the $3,555.00 to the Claimant, the result might be different; but, in any event, the provision with regard to the one-third maximum recoupment applies only to "such future compensation" that Claimant would receive from some future claim. The intent of the provision is clearly to assure the Claimant at least two-thirds of his *future* periodic benefit payments. I do not believe it has anything to do with a division of a lump sum payment from another jurisdiction. Further, if this section of the Law was made to apply to this unique situation, I believe it would be more properly controlled by the last sentence of Section 804(b)(1), "[n]o provision of this subsection shall be construed to prevent or prohibit the voluntary repayment of compensation by such person or the maintenance of records of overpayments by the Department."