JEANNETTE DISTRICT MEMORIAL HOSPITAL, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD (MESICH), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 19, 1995.

Decided Dec. 5, 1995.

Dale A. Cable, for petitioner.

Vincent J. Quatrini, Jr., for respondent.

Before DOYLE and KELLEY, JJ., and NARICK, Senior Judge.

DOYLE, Judge.

Jeannette District Memorial Hospital (Employer) appeals from an order of the Workmen's Compensation Appeal Board (Board), which reversed a referee's decision and granted Florence Mesich (Claimant) disability benefits under the Workers' Compensation Act.[1]

Claimant was employed by Employer as a registered nurse, working in the Intensive Care Unit, where she was constantly exposed to blood and bodily fluids. In November of 1986,[2] Claimant began experiencing flu-like symptoms and pain in her right side. Claimant sought treatment at Mercy Hospital, and Dr. Mark Hofstetter, board certified in internal medicine, performed various tests on her liver. In June of 1987, Claimant was admit-

ted to the hospital and a liver biopsy was performed. Claimant was diagnosed as having non-A, non-B hepatitis (hepatitis C) and CMV hepatitis. Dr. Hofstetter stated that Claimant probably had acquired the hepatitis from her work-related exposure to bodily fluids and blood. Claimant then notified Employer that her hepatitis was work-related in June of 1987. Claimant did not work from November, 1986 until February 1, 1988, at which time she returned to work at reduced hours, two days per week, because of fatigue and pain. In May of 1989, she began working three days per week.

Claimant filed a Claim Petition on September 7, 1989, alleging that she was totally disabled as of September 28, 1986 from having contracted infectious hepatitis in the course of her employment. Claimant alleged that her exposure to infectious blood and bodily fluids while working for Employer caused the hepatitis. Employer denied Claimant's allegations and affirmatively averred that the claim was barred by the statute of limitations.

A hearing was held before the referee[3] who denied disability benefits. The referee found the following pertinent facts:

*EIGHT:*

B) The Claimant is suffering from non-A, non-B hepatitis (hepatitis C),

C) The Claimant gave timely notice to the employer in June of 1987, when she first learned her hepatitis was work-related.... [Employer].

D) The Claimant was totally disabled from hepatitis from November 1, 1986 to February 1, 1988 and has been partially disabled since February 1, 1988,

E) The Claimant's testimony as to the method of her contracting hepatitis C lacks credibility as to the specifics....

F) The Claimant's medical expert lacks credibility as to the causation of the Claimant's hepatitis....

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4.

2. Claimant had surgery in November of 1986 for an osteomyelitis condition.

3. After August 31, 1993, referees are referred to as Workers' Compensation Judges under the 1993 amendments to the Act, 77 P.S. § 701. *See* Section 14 of the Act of July 2, 1993, P.L. 190 (Act 44).

H) The Claimant has failed to sustain her burden of proof that she suffered non-A, non-B hepatitis (hepatitis C) as a result of an exposure to said disease while in the employ of the defendant.

(Finding of Fact No. 8, B–H).

Claimant appealed to the Board, which reversed the referee, granted disability benefits, and remanded the case for calculation of benefits. Employer now appeals to this Court.[4]

■ On appeal, Employer argues that Claimant failed to prove by substantial evidence that her injury was causally related to her employment.[5] Claimant counters that pursuant to Section 301(e) of the Act, 77 P.S. § 413, and Section 108(m) of the Act, 77 P.S. § 27.1(m), a rebuttable presumption exists that Claimant's injury was caused by her employment and Employer failed to rebut the presumption.

Section 301(e) states in pertinent part:

If it be shown that the employe, at or immediately before the date of disability, was employed in any occupation or industry in which the occupational disease is a hazard, it shall be *presumed that the employe's occupational disease arose out of and in the course of his employment* but this presumption shall not be conclusive. (Emphasis added.)

Section 108(m) states in relevant part:

The term 'occupation disease,' as used in this act, shall mean only the following diseases.

. . . .

(m) Tuberculosis, serum hepatitis, or *infectious hepatitis* in the occupations of blood processors, fractionators, *nursing,* or auxiliary services involving exposure to such diseases. (Emphasis added.)

■ Generally, for a claimant to receive benefits, he or she must establish that (1) his or her injury arose in the course of employment, and (2) that the injury was causally connected to his or her employment. *Povanda v. Workmen's Compensation Appeal Board (Giant Eagle),* 146 Pa.Cmwlth. 320, 605 A.2d 478 (1992), *petition for allowance of denied,* 533 Pa. 603, 617 A.2d 1276 (1992). Where the causal relationship is not obvious, unequivocal medical testimony is required. *Id.* However, once a claimant proves that he or she is afflicted by one of the specified enumerated occupational diseases in Section 108, a rebuttable presumption that the injury arose in the course of employment exists. *City of Wilkes–Barre v. Workmen's Compensation Appeal Board (Zuczek),* 541 Pa. 435, 664 A.2d 90 (1995); *Buchanan v. Workmen's Compensation Appeal Board (City of Philadelphia),* 659 A.2d 54 (Pa.Cmwlth.1995). The presumption, of course, may be rebutted by substantial competent evidence. *Buchanan.*

It is undisputed that Claimant in this case was employed as a nurse and that her disability was due to infectious hepatitis. (Finding of Fact No. 8, (B, D).) Under Section 108(m) of the Act, infectious hepatitis contracted by a claimant while employed in the occupation of nursing, as a matter of law, is an occupational disease.[6] *See Frankford Hospital v. Workmen's Compensation Appeal Board (Burns),* 150 Pa.Cmwlth. 532, 616 A.2d 79 (1992). Therefore, since Claimant

---

**4.** On March 12, 1992 with an effective date of July 6, 1992, Rule 311(f) was added to the Rules of Appellate Procedure to permit appeals from "an order of a common pleas court or government unit remanding a matter to an administrative agency or hearing officer for execution of the adjudication of the reviewing tribunal in a manner that does not require the exercise of administrative discretion. . . ." Pa.R.A.P. 311(f).

**5.** Employer also raised an issue as to the timeliness of Claimant's notice to Employer as required by Section 311 of the Act, 77 P.S. § 631; however, since Employer failed to raise that issue in a cross appeal from the referee's decision to the Board, the issue is waived. *Wing v. Unem-*

*ployment Compensation Board of Review,* 496 Pa. 113, 436 A.2d 179 (1981). We note, however, that substantial evidence does exist to support the finding of the referee that Claimant gave timely notice of the work-relatedness of her injury.

**6.** Employer argues that Claimant had to prove exposure to the hepatitis virus; however, this argument is misplaced. Section 108(m) only requires that claimants in "auxiliary services" prove exposure. *See Browning–Ferris Industries of Pennsylvania v. Workmen's Compensation Appeal Board (Jones),* 151 Pa.Cmwlth. 529, 617 A.2d 846 (1992).

was employed in an occupation in which the occupational disease is a hazard, she was entitled to the rebuttable presumption that her disability was work-related. The burden, then, shifted to Employer to establish that Claimant's disability was not related to her employment.

Employer's evidence was insufficient to rebut the presumption that Claimant's disease was work-related. Employer presented the testimony of Dr. Michael Malinger and Dr. Wayne Peternel. Dr. Malinger testified that he could not establish within a reasonable degree of medical certainty what had caused Claimant's hepatitis. (Deposition of Dr. Malinger at 26; R.R. at 195.) Dr. Peternel also testified that he was unable to determine the cause of Claimant's hepatitis. (Deposition of Dr. Peternel at 14; R.R. at 214.) Therefore, Employer did not produce substantial evidence rebutting the presumption that Claimant had acquired hepatitis within the course of her employment.

Since Claimant has established that she suffered from an occupational disease and Employer has failed to establish that the cause of her injury was not related to her employment, we affirm the Board's order and remand this case for the calculation of her benefits.

### ORDER

NOW, December 5, 1995, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed. This case is remanded to the Board for calculation of Florence Mesich's disability benefits.

Jurisdiction relinquished.

