J. S36020/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

MICHAEL J. MELNICK : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
v. :
:
THE PENNSYLVANIA STATE UNIVERSITY : No. 1823 MDA 2015

Appeal from the Order Entered September 23, 2015
In the Court of Common Pleas of Centre County
Civil Division No(s): 2013-3325

BEFORE: MUNDY, J., DUBOW, J., and STEVENS, P.J.E. *

MEMORANDUM BY DUBOW, J.: **FILED JUNE 24, 2016**

Appellant, Michael J. Melnick, appeals *pro se* from the Order entered in

the Centre County Court of Common Pleas on September 23, 2015, granting

the Motion for Summary Judgment filed by Appellee, The Pennsylvania State

University, on statute of limitations grounds, and dismissing Appellant's

Amended Complaint with prejudice. We affirm.

The relevant facts and procedural history are as follows. On December

18, 2006, approximately six months after Appellee terminated Appellant

from Appellee's Master of Science in Computer Science program for failing to

maintain the minimum required grade point average, Appellant filed a

complaint with the Pennsylvania Human Relations Commission ("PHRC"). In

his complaint, Appellant alleged that Appellee failed to accommodate and/or

---

\* Former Justice specially assigned to the Superior Court.

discriminated against Appellant on the basis of his disability. The PHRC closed Appellant's claim on April 10, 2008, concluding that Appellant did not establish a basis for relief.

On August 26, 2013, Appellant filed a *pro se*[1] Complaint in the Centre County Court of Common Pleas purporting to raise a discrimination claim under the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951 *et seq*. On September 18, 2013, Appellee filed Preliminary Objections to the Complaint, which the trial court sustained in part and overruled in part on December 13, 2013.

On December 31, 2013, Appellant amended his Complaint. In the Amended Complaint, Appellant alleged he suffered from a disability (Crohn's Disease), that Appellant and his parents informed Appellee of his need to be accommodated for the effects of his medical condition on his academic performance, and Appellee did not provide an accommodation as was reasonable.

On January 17, 2014, Appellee filed an Answer with New Matter to Appellant's Amended Complaint, to which Appellant filed a Reply on February 5, 2014.

On May 27, 2014, Appellant sent Appellee a first set of Requests for Production of Documents. On September 4, 2014, the court entered a Case

---

[1] Private counsel represented Appellant during Appellant's PHRA claim, but Appellant has been *pro se* at all times since.

Management Order setting the discovery deadline in the case for December 5, 2014. Appellant sent a second set of Requests for Production of Documents on September 15, 2014, and a first set of Interrogatories on November 3, 2014, a mere 33 days before the discovery deadline. The first set of Interrogatories contained 273 questions and subparts.

On November 10, 2014, Appellant filed Motions to Extend Discovery Deadline and to Compel. Appellee filed a Motion for Protective Order on November 14, 2014, seeking to prevent it from being required to provide responses to Appellant's discovery requests. The trial court held a hearing on the parties' Motions on December 18, 2014, after which it denied Appellant's Motions and granted Appellee's Motion. In doing so, the court concluded that Appellant failed to demonstrate either "materiality [or] due diligence with respect to the requested discovery, and the interrogatories served on [Appellee] are clearly excessive given their number and the limited time [Appellee] had to produce a response." Trial Ct. Order, 12/18/2014.

After completing discovery, Appellee filed a Motion for Summary Judgment on March 27, 2015, in which it averred that Appellant's cause of action was not timely filed and was barred by the two-year statute of limitations provided for in the PHRA. Appellee also averred that Appellant failed to set forth a *prima facie* case of disability discrimination based on failure to accommodate.

Appellant filed a response to Appellee's Motion for Summary Judgment on April 27, 2015. The trial court held a hearing on Appellee's Motion on August 27, 2015. On September 23, 2015, the trial court granted Appellee's Motion for Summary Judgment and dismissed Appellant's Amended Complaint with prejudice. Appellant timely appealed on October 19, 2015. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following seven issues on appeal:

[1.] Whether the [t]rial [c]ourt committed an error of law and/or abused its discretion in granting Appellee's Motion for Summary Judgment and dismissing Appellant's Amended Complaint with prejudice?

[2.] Whether the [t]rial [c]ourt committed an error of law and/or abused its discretion in holding that the January 5, 2010 email is functionally equivalent to a closure letter and/or that the date of notice from the PHRC closing Appellant's Complaint occurred prior to August 31, 2011?

[3.] Whether the [t]rial [c]ourt committed an error of law and/or abused its discretion in holding that the content of a November 30, 2010 email indicate[d] that Appellant was aware of possible statute of limitations issues and/or that Appellant's attorney "reiterated" information related to the statute of limitations in the email?

[4.] Whether the [t]rial [c]ourt committed an error of law and/or abused its discretion in holding that a letter dated December 20, 2011[,] notifying Appellant that his request for a Preliminary Hearing with the PHRC was denied is consistent with the statute of limitations beginning to run on January 5, 2010?

[5.] Whether the [t]rial [c]ourt committed an error of law and/or abused its discretion and/or prejudiced Appellant by the appearance of impropriety when it failed to disclose that, prior to being elected to the [c]ourt, Judge

- 4 -

Ruest was formerly an attorney and partner at McQuaide Blasko, the same law firm that is representing Appellee?

[6.]  Whether the [t]rial [c]ourt committed an error of law and/or abused its discretion when it denied Appellant's Motion to Extend Discovery and granted Appellee's Motion for Protective order on December 18, 2014?

[7.]  Whether the [t]rial [c]ourt committed an error of law and/or abused its discretion to the extent it relied on incorrect and/or misleading statements made on behalf of Appellee, both written in its Brief in Support of its Motion for Summary Judgment and given orally during argument on August 27, 2015, concerning emails between Appellant and his former counsel dated November 28 and 30, 2010?

Appellant's Brief at 4-6.

As Appellant's first four issues on appeal are interrelated, we address them together.  In those issues, Appellant challenges the trial court's order entering summary judgment in favor of Appellee.  Appellant essentially argues that the trial court erred in determining that there was no genuine issue of material fact concerning when Appellant had notice that the PHRC had closed his PHRA discrimination claim.  He claims the trial court erred in establishing that Appellant had notice that his PHRA claim was closed not later than January 5, 2010, and in concluding that the statute of limitations for filing a civil complaint set forth in the PHRA ran prior to his filing his Complaint.

Appellant avers that the date upon which he became aware that the PHRC closed his case is a fact disputed by the parties.  He argues that he became aware that the PHRC had closed his case no earlier than August 31,

2011, when he received an email informing him that the PHRC had sent him a letter on April 10, 2008 notifying him that his case was closed, and possibly as late as September 2, 2011, when he actually received a copy of the April 10, 2008 letter. He claims that he timely filed his Complaint within two years of that date on August 26, 2013. *Id.* at 20. Appellee argues, on the other hand, that the trial court correctly determined that Appellant received notice via email from the PHRC on January 5, 2010, that it had closed his case. Appellee concludes, therefore, that Appellant's Complaint is untimely.

Summary judgment is appropriate (1) whenever there is no genuine issue of material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report; or (2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. Pa.R.C.P. 1035.2(1)-(2).

This Court's scope of review of the trial court's grant of summary judgment, as with questions of law generally, is plenary. *ADP, Inc. v. Morrow Motors, Inc.*, 969 A.2d 1244, 1246 (Pa. Super. 2009). We may not disturb the order of the trial court unless it is established that the court committed an error of law or an abuse of discretion. *Id*. In evaluating the

grant of summary judgment, we may reverse only where the trial court erred in concluding that the matter presented no genuine issue as to any material fact and that the moving party was entitled to judgment as a matter of law. *Id.* We review the record in the light most favorable to Appellant as the non-moving party.

It is undisputed that Appellant's discrimination claim is subject to a two-year statute of limitations.[2] The language of the statute is clear that "[a]n action under this subsection [of the PHRA] shall be filed within two

---

[2] With respect to its statute of limitations, the PHRA, provides as follows:

> (c) (1) In cases involving a claim of discrimination, if a complainant invokes the procedures set forth in this act, that individual's right of action in the courts of the Commonwealth shall not be foreclosed. If within one (1) year after the filing of a complaint with the Commission, the Commission dismisses the complaint or has not entered into a conciliation agreement to which the complainant is a party, the Commission must so notify the complainant. On receipt of such a notice the complainant shall be able to bring an action in the courts of common pleas of the Commonwealth based on the right to freedom from discrimination granted by this act.

> (2) An action under this subsection shall be filed within two years after the date of notice from the Commission closing the complaint. Any complaint so filed shall be served on the Commission at the time the complaint is filed in court. The Commission shall notify the complainant of this requirement.

43 P.S. § 962(c)(1)-(2).

years after the date of notice from the [c]omission closing the complaint."

43 P.S. § 962(c)(2).

On the issue of the timeliness of Appellant's Complaint, the trial court

made the following findings of fact and conclusions of law:

> Here, [Appellant's] claim with the [PHRC] was closed on April 10, 2008. The PHRC issued a closure letter, though [Appellant] claims it was not received by [Appellant] or his attorney at that time. Almost two years later, [Appellant] inquired about his case in an email sent to Yvonne Aguayo at the PHRC on January 4, 2010. Ms. Aguayo responded on January 5, 2010 stating,
>
> > On 2/15/08, I sent you a letter which indicated that we did not find probable cause to support your complaint. On 3/7/08, your attorney submitted a rebuttal to my findings. On 3/21/08, I responded to your attorney's rebuttal letter. Your case has since been closed by our agency.
>
> In an email dated November 30, 2010, his attorney reiterated to [Appellant],
>
> > I explained that you could bring an action in state court immediately if you wished, using the date that you and I both discovered that your case was closed, and arguing that the statute would and should run from that time period.
>
> At that point, [Appellant] and his attorney decided to pursue a [p]reliminary [h]earing with the PHRC to reopen the case, and if unsuccessful with the PHRC, file in state court. In a different email to his attorney dated September 4, 2011, [Appellant] states he received a copy of the PHRC closure letter on September 2, 2011, after personally requesting it from Ms. Aguayo. He also indicated he planned [to submit] a written Request for a Preliminary Hearing with the PHRC based on that date. In a letter dated December 20, 2011, [Appellant] was notified that the PHRC denied his request. [Appellant] first filed his

Complaint in the Court of Common Pleas on August 26, 2013.

\*\*\*

The letter notifying [Appellant] that his case was closed is dated April 10, 2008. Therefore, [Appellant] had until April 10, 2010, to file his Complaint and failed to do so. As such, [Appellant's] claims are time barred.

Accepting as true, however, that [Appellant] did not receive the closure letter in 2008, [Appellant] was notified by Ms. Aguayo on January 5, 2010[,] that his case had been closed with the PHRC. The statute does not require the notification to be in the form of a closure letter, and the email from Ms. Aguayo was functionally equivalent to a closure letter. The email made clear the PHRC had dismissed the charge and decided not to pursue further action. [ ] Viewing the record in the light most favorable to [Appellant] he had until January 5, 2012, to file his Complaint.

[Appellant] argues he was exhausting his administrative remedy before filing a Complaint in the Court of Common Pleas. An email dated November 30, 2010, between [Appellant] and his attorney indicates that [Appellant] decided to pursue a [p]reliminary [h]earing with the PHRC. Regardless of that decision, his attorney also explained to him that he could file a Complaint in state court and argue that the statute of limitations would run from when [Appellant] and his attorney discovered his case was closed. As such, [Appellant] was aware of possible statute of limitations issues.

[Appellant] waited until after he received the closure letter on September 2, 2011, to request a [p]reliminary [h]earing with the PHRC. In a letter dated December 20, 2011, [Appellant] was notified that the PHRC denied his request. This letter is consistent with the statute of limitations beginning to run on January 5, 2010. [Appellant's] case was already dismissed, and he was aware that it was dismissed. The PHRC denied his request for a [p]reliminary [h]earing, and his case was not reopened.

[Appellant] waited to file his Complaint until August 26, 2013. As such, [Appellant] failed to file his Complaint within two years of the date he received notice from the [c]omission that his case was closed, and his claims are barred by the statute of limitations.

Trial Ct. Op., 9/23/15, at 3-4.

After a thorough review of the record, including Appellee's Motion for Summary Judgment, Appellant's Response in Opposition, the numerous appendices thereto, and the Notes of Testimony from the August 27, 2015 hearing, we agree with the trial court that there was no genuine issue of material fact as to the date by which Appellant had notice of the closure of his PHRA claim. We conclude, as did the trial court, that Appellant was aware no later than January 5, 2010, that his PHRC claim had been closed. Consequently, Appellant was required to file a Complaint by January 5, 2012. Appellant's August 26, 2013 Complaint was, therefore, untimely under the PHRA's two-year statute of limitations.

In his fifth issue on appeal, Appellant claims that the trial court erred in failing to disclose that Judge Pamela A. Ruest was formerly a partner in the law firm representing Appellee.[3] Appellant has raised this issue for the first time on appeal, therefore this claim is waived.

---

[3] Judge Ruest was an attorney with McQuaide Blasko until 2007, when she was elected to the Centre County Court of Common Pleas. Appellee retained McQuaide Blasko in 2013, more than five years after Judge Ruest had left the firm. It is evident that Judge Ruest had no involvement with this matter as a McQuaide Blasko attorney. It bears noting that Judge Jonathan D.

It is axiomatic that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Indeed, our Supreme Court has explained the reasons for this as follows:

> Issue preservation is foundational to proper appellate review. Our rules of appellate procedure mandate that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). By requiring that an issue be considered waived if raised for the first time on appeal, our courts ensure that the trial court that initially hears a dispute has had an opportunity to consider the issue. ***Lincoln Philadelphia Realty Assoc. v. Bd. or Revision of Taxes of Philadelphia***, 563 Pa. 189, 203, 758 A.2d 1178, 1186 (2000). This jurisprudential mandate is also grounded upon the principle that a trial court, like an administrative agency, must be given the opportunity to correct its errors as early as possible. ***Wing v. Com. Unemployment Comp. Bd. of Review***, 496 Pa. 113, 117, 436 A.2d 179, 181 (1981). Related thereto, we have explained in detail the importance of this preservation requirement as it advances the orderly and efficient use of our judicial resources. ***See generally Dilliplaine v. Lehigh Valley Trust Co.***, 457 Pa. 255, 258–59, 322 A.2d 114, 116–17 (1974). Finally, concepts of fairness and expense to the parties are implicated as well. ***Id.***

***In re F.C. III***, 2 A.3d 1201, 1211-12 (Pa. 2010). Moreover, where there is a failure to preserve a claim in the court below, this Court may not address the claim *sua sponte*. ***Steiner v. Markel,*** 968 A.2d 1253, 1257 (Pa. 2009).

Appellant explains his failure to raise this issue before the trial court by averring that he first discovered Judge Ruest's former affiliation with

---

Grine presided over this matter until he recused himself on April 23, 2015. Judge Ruest replaced Judge Grine in this matter after Judge Grine had already denied Appellant's request for an extension of time of the discovery deadline.

Appellee's counsel's firm while preparing his Superior Court Docketing Statement, which he filed on November 4, 2015.[4]  Appellant's Brief at 57.

Appellant does not dispute, and the record indubitably reveals that Appellant did not raise this claim before the trial court.  Accordingly, we may not consider it now.

Moreover, even if Appellant had not waived this claim by failing to raise it before the trial court, Appellant would not be entitled to relief.  Here, Appellant essentially argues that the trial court had an obligation to *sua sponte* disclose to Appellant her prior affiliation with McQuaide Blasko, even though such affiliation ended in 2008 and she was never personally involved in this case.  Appellant has failed to support this claim with citation to any relevant authority.  ***See*** Pa.R.A.P. 2119(a).

In his sixth issue, Appellant claims the trial court erred in entering its December 18, 2014 Order denying his Motion to Extend Discovery and granting Appellee's Motion for Protective Order.  He argues that the trial court abused its discretion because he sought the extension "well in advance" of the discovery deadline.  Appellant's Brief at 67.

---

[4] Notably, Appellant does not claim that he could not have known about Judge Ruest's prior affiliation, only that he did not know.  In fact, in his Brief, Appellant cites to articles from the *Centre Daily Times* and *The Daily Collegian*, dating back to 2007, which substantiate his claim that Judge Ruest was an attorney at McQuaide Blasko, and refers to the presence of Judge Ruest's name on McQuaide Blasko letterhead from 2006.  This information supports the contention that Judge Ruest's prior employment history was available to the public and could have been discovered earlier.

Our standard of review of a discovery order is well-settled: "Generally, on review of an order concerning discovery, an appellate court applies an abuse of discretion standard [and] questions of law are afforded full appellate review . . . ." *McNeil v. Jordan*, 894 A.2d 1260, 1268 (Pa. 2006).

Our review of the record reflects that Appellant did not begin discovery until May 27, 2014, nine months after filing a Complaint, when he sent Appellee his first set of Requests for Production of Documents. Then, Appellant waited almost four months, until September 15, 2014, to send Appellee a second set Appellant of Requests for Production of Documents, and another six weeks before sending Appellee a first set of Interrogatories on November 3, 2014, a mere 33 days before the discovery deadline. "[F]rom the time his initial complaint was filed, [Appellant] had approximately four hundred and sixty-seven days to complete discovery." Trial Ct. Op., 12/18/14, at 1. With the December 5, 2014 discovery deadline looming, Appellant filed a Motion for Extension of Time on November 10, 2014.

Although the court considered Appellant's *pro se* status, it concluded that, "[Appellant] has had over a year and three months to complete his discovery, and an extension of the deadline is not warranted[.]" *Id.* at 3. The court granted Appellee's Motion for Protective order because it found Appellant's discovery requests "clearly excessive and [ ] unrelated to

[Appellant's] case. . . ." *Id.* at 2-3. Specifically, with respect to the interrogatories propounded upon Appellee, the court opined:

> [T]he number of interrogatories sent by [Appellant] to [Appellee is clearly excessive. In total, [Appellant] sent two hundred and seventy three questions and subquestions to [Appellee]. While this may not have been an excessive amount of interrogatories at the beginning of litigation, [Appellant] sent this voluminous request approximately thirty-three days from the close of discovery. This is clearly unreasonable. [ ]
>
> [Appellant] has shown neither materiality nor due diligence with respect to the requested discovery, and the interrogatories served on [Appellee] are clearly excessive given their number and the limited time [Appellant] had to produce a response.

*Id.* at 3 (citations omitted).

We conclude that the trial court did not abuse its discretion in entering its December 18, 2014 Order. We agree with the trial court that Appellant's discovery requests were unreasonably voluminous, particularly in light of the fact that Appellant sent them to Appellee more than one year after filing his Complaint and a mere thirty-three days before the discovery deadline. The trial court acted appropriately in granting Appellee's Motion for Protective Order and denying Appellant's Motion to Extend Discovery Deadline. Appellant is, therefore, not entitled to relief on this claim.

In his last issue, Appellant claims the trial court erred to the extent it relied on statements, which Appellant characterize as misleading, made by Appellee in support of its Motion for Summary Judgment. Specifically, Appellant complains that Appellee's counsel misrepresented the contents of

a November 28, 2010 email between Appellant and his counsel wherein they discussed statute of limitations issues. Appellant's brief at 68-72.

Appellant has failed to support this claim with citation to any relevant authority. Accordingly, it is waived. *See* Pa.R.A.P. 2119(a) (waiver results when an appellant fails to properly develop an issue or cite to any authority in support of his/her contentions). Moreover, this claim is nothing more than mere speculation on Appellant's part, and is belied by the record. As the trial court opined,

> The [c]ourt, however, reviewed the entirety of the emails in reaching its decision. On page 10 of [Appellee's] Brief in Support of Motion for Summary Judgment, [Appellee] properly used an ellipsis to indicate the omission of a word or word from the quote in the Brief. Further, as [Appellant] notes in his matters complained of on appeal, he specifically informed the [c]ourt of the full quote at the hearing. [ ] As such, the [c]ourt did not rely on incorrect or misleading statements.

Trial Ct. Op., 12/16/15 at 2.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/24/2016

- 15 -