IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Pocono Medical Center and Qual-Lynx, Inc., | : |
| | : |
| | : |
| Petitioners | : |
| | : |
| v. | : No. 427 C.D. 2019 |
| | : Submitted: August 30, 2019 |
| Workers' Compensation Appeal Board (Springer), | : |
| | : |
| | : |
| Respondent | : |

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
                  HONORABLE PATRICIA A. McCULLOUGH, Judge
                  HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED:  July 16, 2020

The Pocono Medical Center and Qual-Lynx, Inc. (collectively, Employer) petition for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed an order of a Workers' Compensation Judge (WCJ) granting Sharon Springer's (Claimant) Review Petition alleging a major depressive disorder, denying her Penalty Petitions and denying Employer's Modification and Termination Petitions.  Employer asserts that the WCJ erred in determining that Claimant suffered an exacerbation of her preexisting major depressive disorder and that the WCJ's critical finding in this regard is not supported by substantial competent medical evidence.  Upon review, we affirm.

## I. Background

On December 30, 2009, Claimant sustained a work-related injury in the nature of an exacerbation of chronic cervical radiculopathy while working for Employer as a phlebotomist when she was attacked by a patient. Claimant received benefits pursuant to a notice of compensation payable (NCP). In March 2015, Employer filed a Modification Petition seeking to modify Claimant's benefits from total status to partial status as a result of an impairment rating evaluation (IRE) conducted on February 27, 2015. On September 16, 2015, Claimant filed a Review Petition seeking to expand the description of her work injury to include major depressive disorder. Employer then filed a Termination Petition alleging that Claimant had fully recovered from her work injuries as of August 13, 2015. Claimant filed three Penalty Petitions alleging that Employer failed to pay medical bills related to her work injury. The petitions were consolidated and heard by a WCJ. The relevant findings and evidence pertaining to the Review Petition and major depressive disorder may be summarized as follows.

In support of her Review Petition, Claimant testified that, prior to her 2009 work injury, she suffered from migraine headaches and treated with Behzad Maghsoudlou, M.D. (Dr. Maghsoudlou). Claimant admitted she also suffered from depression, but she always associated her depression with her migraines. She testified she had never seen a psychiatrist until after her work injury. Since her work injury, she feels depressed and anxious because she is unable to take care of herself and she needs assistance to do anything. She testified that she does not want her friends to see her like this, and she spends most of her time in her house. She is anxious when she is around people. Claimant stated that she was hospitalized in 2015 because she was despondent and wanted to die. Soon thereafter, she began treating with Matthew Berger, M.D. (Claimant's Psychiatrist), a psychiatrist. WCJ's

2

Op., 2/23/18, Finding of Fact (F.F.) No. 1; Certified Record (C.R.), Notes of Testimony (N.T.), 1/22/16, at 19-21.

Claimant also presented the deposition testimony of Claimant's Psychiatrist. Claimant's Psychiatrist testified that he began treating Claimant on July 31, 2015, after she attempted to take her own life. He diagnosed Claimant with "major depression, recurrent." Claimant's Psychiatrist linked Claimant's depression to her work injury because she was fully functional and able to work prior to the work injury. However, after the work injury, she developed depression secondary to her chronic pain from the work injury. Claimant's Psychiatrist testified that, in 2015, Claimant had a psychiatric hospitalization when she decided to kill herself because the pain became too much for her. F.F. No. 9; Reproduced Record (R.R.) at 22a-23a, 27a-28a, 15a.

In opposition to Claimant's Review Petition, Employer submitted the deposition testimony of Robert Cohn, M.D. (Employer's Psychiatrist), who is board certified in psychiatry and who evaluated Claimant on December 9, 2015, and took a history from Claimant and reviewed her medical records. Employer's Psychiatrist testified that Claimant had a history of depression and had been diagnosed with and treated for depression and anxiety prior to the 2009 work injury. He opined that Claimant had linked her migraine headaches with her depression in her mind. Employer's Psychiatrist agreed that Claimant suffered from recurrent major depressive disorder. However, he did not link the depressive disorder to her work injury. On cross examination, Employer's Psychiatrist admitted that depression and anxiety can be aggravated or exacerbated by a traumatic event. He also agreed that if someone is unable to do the things that she did prior to an injury that this could lead to depression and anxiety. He also agreed that these conditions brought on by

3

the inability to function normally can take time to develop.  F.F. No. 15; R.R. at 40a, 43a-54a, 59a-61a.

Employer also presented the medical records of Dr. Maghsoudlou, who treated Claimant for migraines and depression in the year prior to the work injury. R.R. at 69a-79a.  His records show that Claimant sought and received treatment primarily for her migraine headaches.  R.R. at 69a, 72a, 74a-78a.  His records note that Claimant was also depressed and anxious and that he prescribed antidepressants for her.  Dr. Maghsoudlou did not testify.

Ultimately, the WCJ accepted as credible Claimant's testimony based on her bearing and demeanor as she testified and accepted her testimony as fact. With regard to the psychiatric opinions, the WCJ found:

> It is found as fact that both of the psychiatrists in this matter agree that [] Claimant is suffering from major depressive disorder.  [Claimant's Psychiatrist] relates the depressive disorder to the work-injury.  [Employer's Psychiatrist] does not.  [Employer's Psychiatrist] admits that a major injury could exacerbate [] Claimant's pre-existing depression.  He gives no convincing reason why that is not the case in this matter.

F.F. No. 18.  The WCJ found Claimant's Psychiatrist, as her treating psychiatrist, more credible than Employer's Psychiatrist.  To the extent their medical opinions conflicted, the WCJ accepted the opinions expressed by Claimant's Psychiatrist over Employer's Psychiatrist.  *Id.*

Critically, the WCJ found that "Claimant [] suffered an exacerbation of her preexisting major depressive disorder as a result of her work-injury."  F.F. No. 20.  The WCJ concluded that Claimant has proven by sufficient, competent, and credible evidence that she suffers from a recurrence of major depressive disorder as

4

a result of her work injury. By Decision and Order dated February 23, 2018, the WCJ granted Claimant's Review Petition and expanded the description of her work injury to include the recurrence of her major depressive disorder. The WCJ also denied Employer's Modification and Termination Petitions and Claimant's Penalty Petitions.

Employer appealed to the Board, which affirmed. Employer now petitions this Court for review.[1]

## II. Issues

The issue on appeal is whether the WCJ erred or abused his discretion by granting Claimant's Review Petition to expand the description of her work injury to include an exacerbation of her major depressive disorder. Employer argues that the WCJ's critical finding in this regard is not supported by substantial, competent evidence because Claimant's Psychiatrist did not have a complete medical history and never testified that Claimant's preexisting depression was aggravated or exacerbated by the work injury. Where a medical expert has no knowledge of a claimant's medical history, his testimony on causation is not competent. Employer also argues that the WCJ erred by shifting the burden to Employer to disprove causation.

## III. Discussion

In workers' compensation cases, the WCJ is the ultimate fact-finder and has exclusive province over questions of credibility and evidentiary weight. *A&J*

---

[1] Our review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Phoenixville Hospital v. Workers' Compensation Appeal Board (Shoap)*, 81 A.3d 830, 838 (Pa. 2013).

*Builders, Inc. v. Workers' Compensation Appeal Board. (Verdi)*, 78 A.3d 1233 (Pa. Cmwlth. 2013). The WCJ may accept the testimony of any witness, including a medical witness, in whole or in part. *Id.* We are bound by the WCJ's credibility determinations. *Id.*

Moreover, it is irrelevant whether the record contains evidence supporting findings other than those made by the WCJ; the crucial inquiry is whether the evidence supports the findings actually made. *Id.* Therefore, we must examine the entire record to see if it contains evidence a reasonable person might find sufficient to support the WCJ's findings. *Id.* If the record contains such evidence, the findings must be upheld, even though the record may contain conflicting evidence. *Id.* Additionally, we must view the evidence in the light most favorable to the prevailing party and give it the benefit of all inferences reasonably deduced from the evidence. *Hutz v. Workers' Compensation Appeal Board (City of Philadelphia)*, 147 A.3d 35 (Pa. Cmwlth. 2016).

A WCJ may review and correct an NCP at any time. Section 413(a) of the Workers' Compensation Act;[2] *Cinram Manufacturing, Inc. v. Workers' Compensation Appeal Board (Hill)*, 975 A.2d 577, 582 (Pa. 2009). It is the claimant's burden to establish the work-relatedness of any newly alleged injury. *Cinram Manufacturing*, 975 A.2d at 582. "An employee who experiences an injury based on the aggravation of a pre-existing condition is entitled to benefits if she shows that the aggravation arose in the course of employment, the aggravation was related to the employment, and disability resulted." *Chik-Fil-A v. Workers' Compensation Appeal Board (Mollick)*, 792 A.2d 678, 689 (Pa. Cmwlth. 2001). Where the causal relationship between the work incident and the injury is not

---

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §771.

obvious, unequivocal medical evidence is necessary. *Jeannette District Memorial Hospital v. Workmen's Compensation Appeal Board (Mesich)*, 668 A.2d 249, 251 (Pa. Cmwlth. 1995).

Expert medical testimony is unequivocal where the medical expert provides a foundation and testifies that in his professional opinion, he believes or thinks a fact exists. *Kimberly Clark Corp. v. Workers' Compensation Appeal Board (Bromley)*, 161 A.3d 446, 467 (Pa. Cmwlth. 2016), *appeal denied*, 174 A.3d 1027 (Pa. 2017). To establish a causal connection, the expert "medical witness must testify, not that the injury or condition might have or possibly came from the assigned cause, but that in his professional opinion the result in question did come from the assigned cause." *Lewis v. Workmen's Compensation Appeal Board*, 498 A.2d 800, 802 (Pa. 1985). "[W]here the foundation for the medical evidence is contrary to the established facts in the record, or is based on assumptions not in the record, the medical opinion is valueless and not competent." *AT&T v. Workers' Compensation Appeal Board (Hernandez)*, 707 A.2d 649, 653 (Pa. Cmwlth. 1998). However, the fact that a medical expert does not have all of a claimant's medical records goes to the weight given the expert's testimony, not its competency. *Huddy v. Workers' Compensation Appeal Board (U.S. Air)*, 905 A.2d 589, 593 n.9 (Pa. Cmwlth. 2006).

Whether medical evidence is equivocal is a question of law reviewable by this Court. *Southwest Airlines/Cambridge Integrated Service v. Workers' Compensation Appeal Board (King)*, 985 A.2d 280, 286 (Pa. Cmwlth. 2009). A determination of whether an expert's opinion is equivocal must be based on that expert's testimony as a whole, not on a small portion taken out of context. *Liveringhouse v. Workers' Compensation Appeal Board (ADECCO)*, 970 A.2d 508, 515 (Pa. Cmwlth. 2009).

In *Chik-Fil-A*, the claimant testified that she injured her back in 1995 and that she had no prior injuries. The claimant's doctor indicated that he did not review her medical records and that his opinion was based entirely on the records pertaining to the claimant's work injury in 1995. The claimant, however, had neck and back problems prior to her work injury and had previously treated with a chiropractor. The claimant's doctor testified that if the claimant's medical history was not what she indicated, his opinion would be incorrect. On this basis, this Court determined that the testimony of the claimant's doctor was incompetent. *Chik-Fil-A*, 792 A.2d at 689.

Similarly, in *Southwest Airlines*, a claimant's doctor had no knowledge of her prior head injuries when he testified concerning her work-related head injury. The doctor did not review the claimant's medical records, which revealed prior injuries and symptoms similar to the work injury. The claimant obfuscated her medical history by claiming that she had suffered no prior injuries and that she had "never had any problems with or received treatment for[ ] headaches, migraines, dizziness, blackouts or memory loss." *Southwest Airlines*, 985 A.2d at 282. This Court noted that the doctor's "opinions were based on an incomplete and inaccurate medical history, as well as [the c]laimant's personal opinion of causation." *Id.* at 287. Therefore, the doctor's medical opinion was incompetent. *Id.*

Relying on this precedent, Employer argues that Claimant's Psychiatrist's testimony is likewise incompetent because he did not have a proper foundation of Claimant's mental health and was unaware of her depression prior to the injury. Employer points to Claimant's Psychiatrist's testimony that, "to the best of my knowledge – obviously, I don't know her prior to this injury, but based on what she's telling me and the fact that she has no psychiatric history that we're aware

8

of, my understanding is, she was fully functional." R.R. at 27a. Claimant's Psychiatrist also testified that Claimant "has no previous history of depression." R.R. at 32a. In addition, Claimant's Psychiatrist never testified that Claimant's depression was an exacerbation or aggravation of her underlying condition.

Although Claimant's Psychiatrist may not have had a complete medical history, he was aware of her underlying condition, whereas in both *Southwest Airlines* and *Chik-Fil-A*, the experts were entirely unaware of any injuries or symptoms prior to work-related injuries. Claimant's Psychiatrist diagnosed Claimant with "major depression, *recurrent*." R.R. at 28a (emphasis added). He explained that "she has major depression and that it's been *going on for an extended period*, that this isn't her first, you know -- it wasn't like she'd never been seen by a psychiatrist before and last month she developed this, but that *she's had it for a while*." *Id.* In fact, Employer's Psychiatrist, having reviewed Dr. Maghsoudlou's medical records, similarly diagnosed Claimant with "a major depressive disorder that has been recurrent over time." R.R. at 54a. He likewise explained that recurrent depression "comes and . . . goes." R.R. at 54a.

As to causation, Claimant's Psychiatrist testified that her current debilitating depression was caused by the work injury because, prior to the work injury, "[s]he was fully functional" and able to work. R.R. at 27a, 32a. After the work injury occurred, she "had . . . physical changes which led to the chronic pain and the change in lifestyle." R.R. at 27a. She was no longer able to do anything for herself and she was unable to work. R.R. at 27a. She reported that "she was [having] difficulty getting out of bed, she couldn't do housework, she had difficulty lifting, playing with children, pushing and pulling, sitting, standing, working. She found she was more irritable, short-tempered. She was no longer playing with her children,

9

no longer able to participate in social settings." R.R. at 26a. Claimant's Psychiatrist testified that "[a] lot of what is driving her depression is the pain" from the work injury. R.R. at 32a. Claimant's Psychiatrist explained that, "it's a vicious cycle"; "the more depressed you become, the lower your pain tolerance; the higher your pain is, the more you become depressed." R.R. at 26a. He opined that if her pain went away and her functionality returned, her depression would subside. RR. at 32a.

As for Claimant's Psychiatrist's statements regarding no history of depression prior to the work injury, when those statements are read within context of his entire testimony, the inference is clear that Claimant's Psychiatrist was referring to the absence of any *disabling* depression prior to the injury because she was "fully functional" and able to work. R.R. at 32a. Even Employer's Psychiatrist testified that Claimant's "history of depression" was not a "disabling factor in terms of her work." R.R. at 56a. Although Claimant's Psychiatrist did not use the terms "exacerbation" or "aggravation," he did use the term "recurrent" to indicate her underlying condition had returned.

Upon review, Claimant's Psychiatrist consistently opined that her current major depression was "recurrent" and brought on by the chronic pain and lifestyle changes caused by the work injury and her inability to function normally. R.R. at 27a, 32a. His diagnosis was not contrary to the established facts in the record or based on assumptions not in the record. For these reasons, we reject Employer's contention that Claimant's Psychiatrist's causation opinion was incompetent.

In addition, support for the WCJ's finding that Claimant sustained work-related exacerbation of her underlying depression may be found in the testimony offered by Employer's Psychiatrist. Although Employer's Psychiatrist did not agree that Claimant's depression was related to the work injury, he conceded

10

on cross-examination that such depression may be aggravated or exacerbated by a traumatic event. R.R. at 65a. He also conceded that if someone is unable to do things that she was capable of doing prior to the injury that this could lead to depression and anxiety and that such symptoms can take time to develop. R.R. at 65a-66a.

Employer argues that this evidence cannot carry Claimant's burden and that the WCJ erred by shifting the burden to Employer to disprove causation. Contrary to Employer's assertions regarding burden shifting, the WCJ did not shift the burden to Employer to disprove causation; the burden properly remained with Claimant to establish the work-relatedness of her disabling depression. Claimant's Psychiatrist credibly testified that Claimant's current depression was caused by the chronic pain and lifestyle changes from the work injury. Nevertheless, a party's burden may be met where the necessary proof is introduced by his adversary. *SKF USA, Inc. v. Workers' Compensation Appeal Board (Smalls)*, 728 A.2d 385, 388 n.3 (Pa. Cmwlth. 1999). Employer's evidence provides additional support for the WCJ's finding that Claimant suffered an exacerbation of her preexisting major depressive disorder.

### III. Conclusion

Based on the foregoing, we conclude that the WCJ's finding that Claimant "suffered an exacerbation of her preexisting major depressive disorder as a result of her work injury," F.F. No. 20, is supported by substantial, competent medical evidence. Thus, we discern no error in the WCJ's decision to grant Claimant's Review Petition.

11

Accordingly, we affirm.

_____
MICHAEL H. WOJCIK, Judge

Jude Fizzano Cannon did not participate in the decision of this case.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pocono Medical Center
and Qual-Lynx, Inc.,     :
             :
             :
      Petitioners :
             :
    v.       : No. 427 C.D. 2019
             :
Workers' Compensation Appeal :
Board (Springer),      :
             :
      Respondent :

# O R D E R

AND NOW, this 16th day of July, 2020, the order of the Workers' Compensation Appeal Board, dated March 12, 2019, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge