J-A02020-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| NED BIEGE, as Executor of the Estate of Robert C. Dunn, Deceased AND ANDREA R. DUNN | : IN THE SUPERIOR COURT OF : PENNSYLVANIA : |
| v. | : : : |
| STEVEN C. DUNN, VALARIE DUNN AND DUNN'S FARM MARKET, LLC, APPELLANTS | : No. 560 MDA 2018 : |

Appeal from the Judgment Entered April 6, 2018
In the Court of Common Pleas of Schuylkill County Civil Division at
No(s):  S-287-2013

BEFORE:  LAZARUS, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.:                          **FILED JUNE 26, 2019**

Appellants, Steven C. Dunn, Valarie Dunn, and Dunn's Farm Market, LLC, appeal from the Judgment entered in the Schuylkill County Court of Common Pleas in favor of Appellees, Robert C. Dunn and Andrea R. Dunn, following a non-jury trial.  After careful review, we affirm.

Appellees, Andrea R. Dunn and Robert C. Dunn,[1] are the parents of Appellant, Steven C. Dunn and of non-parties James Dunn and Susan Biege. Appellant, Valarie Dunn, is Steven C. Dunn's wife.  Appellant, Dunn's Farm Market, LLC, is a business operated by Steven C. Dunn and Valarie Dunn.  This case involves a dispute between Appellees and Appellants over the ownership

---

[1] Appellee, Robert C. Dunn, died during the pendency of this appeal.  By Order, this Court substituted the executor of Robert C. Dunn's estate, Ned Biege, as Appellee.

and operation of a fruit farm ("Fruit Farm"), the ownership of a house built upon the Fruit Farm, and the issuance of a $138,000 loan by Appellees to Appellants to purchase a separate home (the "Summer Valley Property").

The relevant facts and procedural history are as follows. Since approximately 1970, Appellees have owned the Fruit Farm, which is located at 59 Peach Drive, New Ringgold, Schuylkill County. Appellant Steven C. Dunn[2] has labored on the Fruit Farm since his childhood. Beginning in or around 1990, Appellees permitted Appellants to build and live in a house on the Fruit Farm (the "Home") and to operate a farm business, Dunn's Farm Market, LLC, without paying rent or any other compensation to Appellees.[3] Appellants paid approximately $30,000 towards construction of the Home. Appellee Robert C. Dunn provided labor and financial assistance in building the Home. In furtherance of the Appellants' business interests, Appellees also allowed Appellants to use farm equipment owned by Appellees without paying any rent. Notwithstanding Appellants' use and occupancy of the Fruit Farm, Appellees paid all of the property taxes associated it.

In 2005, Appellees purchased a separate property—the Summer Valley Property—which is also located in New Ringgold, Schuylkill County, for $138,000. At the time of closing on the purchase, Appellant indicated to Appellee Robert C. Dunn that he wanted his mother-in-law to move into the

---

[2] The use of the singular "Appellant" throughout this memorandum refers to Steven C. Dunn.

[3] Appellants completed construction of the Home in 1991.

house located on the Summer Valley Property. Appellant, thus, offered to pay Appellee in full for the property at no less than $1,000 per month. Appellee accepted this offer and directed the title agent to title the deed to the Summer Valley Property to Steven C. Dunn.[4]

The relationship between Appellees and Appellants soured, and on January 10, 2013, Appellees sent Appellants a letter requesting that Appellants quit the Fruit Farm and deliver possession of it to Appellees within 15 days. Appellants refused, which prompted Appellees to file a Complaint in Ejectment on February 15, 2013.

On July 28, 2014, Appellees filed an Amended Complaint in which they raised claims related to both the Fruit Farm and the Summer Valley Property. With respect to the Fruit Farm, Appellees sought to eject Appellants from the Fruit Farm and the Home (Count I), and alleged that Appellants had been unjustly enriched (Count II). With respect to the Summer Valley Property, Appellees alleged that Appellants breached their agreement to repay Appellees the $138,000 purchase price (Count III), which breach resulted in unjust enrichment in favor of Appellants (Count IV).[5]

---

[4] Two parcels comprised the Summer Valley Property. Appellants subsequently sold one of the parcels in 2009 and one in 2015, for a total sale price of $245,000.

[5] Appellees requested judgment in their favor of $58,900 on Count III and "in an amount in excess of $138,000 together with interests and costs" on Count IV. Amended Complaint, 7/22/14, at 5, 6.

On December 26, 2014, Appellants filed an Answer to Amended Complaint with New Matter and Counterclaim ("Answer"). In the Answer, Appellants alleged that Appellees had orally promised the Fruit Farm and the farm equipment located thereon to Appellants and that Appellants had built the Home on and farmed the property in reliance on that promise. Answer, 12/26/14, at ¶ 6, 8-9. Appellants admitted that they had made payments to Appellees for the Summer Valley Property between 2006 and 2012, but averred that they had no obligation to do so because the alleged oral agreement between the parties for the purchase of the Summer Valley Property violates the Statute of Frauds and is, thus, unenforceable. *Id.* at 33-36, 38.

In the New Matter section of the Answer, Appellants alleged that, since 1968, Appellant and his brother James, had assisted in the operation of Appellees farm properties, including the Fruit Farm. *Id.* at 52. Appellants averred that the "agreement between the parties was that in consideration of the transfer of the farms without actual consideration from Steven and James Dunn to [Appellees], James Dunn was to receive the Dairy farm and Steven Dunn was to receive the Fruit Farm." *Id.* at 53. Appellants alleged that Steven C. Dunn had operated the Fruit Farm, and took possession and maintained all equipment, pursuant to the agreement of the parties since 1994. *Id.* at 54. Appellants asserted that, based on the agreement between the parties, Steven C. Dunn "treated the farm as if it was his own" by constructing the Home on it, farming it, maintaining it, and making various

improvements to it. *Id.* at 58. Appellants further alleged that in 2007, Appellees had agreed that, in consideration for the work Steven C. Dunn had performed on the Fruit Farm, Steven C. Dunn would receive the Fruit Farm and all of the equipment thereon from Appellees. *Id.* at 60.

In the Counterclaim section of the Answer, Appellants raised a claim for Breach of Contract (Counterclaim I) contending that, by serving Appellants with the January 10, 2013 Notice to Quit, Appellees had breached the agreement with Appellants that the Fruit Farm belonged to Steven C. Dunn. *Id.* at 73. Appellants also raised a claim for Unjust Enrichment (Counterclaim II) alleging that Appellees have been unjustly enriched and received the benefits of Appellants' years of maintenance and improvements on the Fruit Farm and the Home, and in the value of the crops and fruit trees planted and the profits generated therefrom by Appellants. *Id.* at 86, 89.

The court held a non-jury trial on January 11, 2018. Relevantly, Appellees presented the testimony of an expert witness who provided testimony pertaining to the rental value of the Fruit Farm as well as the value of the contributions made by Appellants to improve or develop it.

On January 26, 2018, the trial court entered a verdict in favor of Appellees. Relevant to the instant appeal, the court found that Appellees, and not Appellants, owned the Fruit Farm and Appellants had failed to repay $125,000 of the $138,000 loan extended to them for the purchase of the Summer Valley Property. The court ordered that Appellants return to

Appellees any tractors still in Appellants' possession. The court denied the Unjust Enrichment claims of both parties.

Appellants filed Post-Trial Motions on February 5, 2018, which the trial court denied on February 28, 2018. This appeal followed.[6, 7]

Appellants raise the following issues on appeal:

1. The trial court erred by ignoring judicial admissions and admissions in the pleadings, and by entering judgment for reasons other than those alleged in the pleadings.

2. The trial court erred by using improper calculations relating to the value of the real estate and improvements.

Appellant's Brief at 4.

In their first issue, Appellants assert three separate and distinct claims. The first two assert that the court's disposition is not in conformance with the pleadings. Appellants first contend that the trial court erred in entering judgment against Valarie Dunn and Dunn's Farm where Appellees' Complaint asserted claims against only Steven C. Dunn, and Appellees never sought

_____

[6] At the time that Appellants filed their Notice of Appeal, the lower court prothonotary had not yet entered judgment on the court's verdict following the denial of Appellants' Post-Trial Motions. **See Levitt v. Patrick**, 976 A.2d 581, 584 n.2 (Pa. Super. 2009) (stating that appeal properly lies from the entry of judgment, not from order denying post-trial motions). However, since the trial court prothonotary subsequently entered Judgment on April 6, 2018, we consider the appeal as taken from the entry of Judgment. **See Johnston the Florist, Inc. v. TEDCO Const. Corp.**, 657 A.2d 511, 514-15 (Pa. Super. 1995) (stating that appellate courts may "regard as done that which ought to have been done") (citations omitted).

[7] The court did not order Appellants to file a Pa.R.A.P. 1925(b) Statement, but did itself file a Rule 1925(a) Opinion on April 5, 2018.

leave to amend the pleadings to bring claims against Valarie Dunn and Dunn's Farm. Appellants' Brief at 18-22. Second, Appellants aver that the court erred in finding that Appellants owed Appellees $125,000 on the loan for the Summer Valley Property because Appellees pleaded in the Complaint that Appellants only owed $58,900, and Appellees did not seek leave to amend the Complaint. *Id.* at 26-29.

Third, Appellants challenge the trial court's reliance on Appellees' evidence that Appellants had paid only $13,000 towards the loan. *Id.* at 28.

When reviewing a trial court's decision in a non-jury trial, our standard of review is well-established. "We may reverse the trial court only if its findings of fact are predicated on an error of law or are unsupported by competent evidence in the record. As fact finder, the judge has the authority to weight the testimony of each party's witnesses and to decide which are most credible." *Parker Oil Co. v. Mico Petro and Heating Oil, LLC*, 979 A.2d 854, 856 (Pa. Super. 2009) (citation omitted). The trial judge's findings made after a bench trial must be given the same weight and effect as a jury verdict and will not be disturbed on appeal unless they are not supported by competent evidence in the record. *See Levitt v. Patrick*, 976 A.2d 581, 589 (Pa. Super. 2009). "Furthermore, our standard of review demands that we consider the evidence in the light most favorable to the verdict winner." *Id.* (citation omitted).

With respect to Appellants' claims that the court's judgment and award were not in conformance with the pleadings because Appellees named only

Steven C. Dunn as a party and Appellees asserted a loss of only $58,900, our review of the record indicates that Appellants have raised these issues for the first time on appeal. It is axiomatic that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Our Supreme Court has explained the reasons for this as follows:

> Issue preservation is foundational to proper appellate review. Our rules of appellate procedure mandate that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). By requiring that an issue be considered waived if raised for the first time on appeal, our courts ensure that the trial court that initially hears a dispute has had an opportunity to consider the issue. *Lincoln Philadelphia Realty Assoc. v. Bd. o[f] Revision of Taxes of Philadelphia*, 563 Pa. 189, 203, 758 A.2d 1178, 1186 (2000). This jurisprudential mandate is also grounded upon the principle that a trial court, like an administrative agency, must be given the opportunity to correct its errors as early as possible. *Wing v. Com. Unemployment Comp. Bd. of Review*, 496 Pa. 113, 117, 436 A.2d 179, 181 (1981). Related thereto, we have explained in detail the importance of this preservation requirement as it advances the orderly and efficient use of our judicial resources. *See generally Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 258–59, 322 A.2d 114, 116–17 (1974). Finally, concepts of fairness and expense to the parties are implicated as well. *Id.*

*In re F.C. III*, 2 A.3d 1201, 1211-12 (Pa. 2010). Moreover, where there is a failure to preserve a claim in the court below, this Court may not address the claim *sua sponte*. *Steiner v. Markel*, 968 A.2d 1253, 1257 (Pa. 2009). Thus, we are without jurisdiction to address the first two arguments of Appellants' first issue.[8]

_____

[8] Moreover, even if Appellants had not waived these arguments, they would not entitle them to relief. The record contains ample evidence supporting the

Appellants' third argument—that the court erred in determining that Appellants only paid $13,000 toward the $138,000 loan for the Summer Valley Property—is essentially a challenge to the weight of the evidence. Our standard of review of review for a challenge to the weight of the evidence is as follows:

> The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none or some of the evidence and to determine the credibility of the witnesses.

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

***Commonwealth v. Talbert***, 129 A.3d 536, 545–46 (Pa. Super. 2015) (internal brackets, citations, and quotation marks omitted; some additional formatting), *appeal denied*, 138 A.3d 4 (Pa. 2016).

---

entry of judgment against all three Appellants, including evidence that: (1) Appellees gave title to the Summer Valley Road property to Steven C. and Valarie Dunn; (2) Valarie Dunn signed each of the checks given to Appellees in payment of the $138,000 loan; (3) Valarie Dunn drew on the Dunn's Farm Market and Dunn's Farm Market, LLC checking accounts to make the payments to Appellees; (4) Valarie admitted during her testimony that both she and Steven C. Dunn received the loan from Appellees and that she was equally responsible for it; and (5) these checks demonstrated that Appellants had paid only $13,000 on the $138,000 debt.

The parties do not dispute that Appellees made a $138,000 loan to Appellants. Appellants claim that they had repaid Appellees all but approximately $58,000 of the loan. The trial court, sitting as the finder of fact, however, did not find this assertion credible. Rather, the trial court concluded that the credible evidence adduced at trial, including copies of the checks Appellants provided to Appellees, demonstrated that Appellants had paid Appellees only $13,000 toward the loan. On appeal, Appellants have asked this Court to reassess the court's credibility determination. We cannot and will not do so. Accordingly, Appellants are not entitled to relief on this claim.

In their second issue, Appellants again raise multiple, unrelated sub-issues. Although not explicitly stated, we deduce that Appellant's first sub-issue pertains to the court's failure to award them relief on their Unjust Enrichment claim: they contend that the trial court erred in giving Appellees "full credit for the increased value of the Fruit Farm[,] which was attributable to the construction of the [Home] owned by Steven." Appellant's Brief at 31. Appellants assert that, because the evidence reflects that Steven C. Dunn owned the Home and contributed substantial funding and labor for its construction, they "should have been entitled to at least a partial credit for the tens of thousands of dollars [Appellant] indisputably invested in the

construction of the [Home], and the countless hours of time he spent constructing [it]."[9] *Id.* at 31-33.

Appellants have failed to develop this claim with citation to pertinent authority in contravention of Rule of Appellate Procedure 2119(a). "Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived. Arguments not appropriately developed include those where the party has failed to cite any authority in support of a contention." ***Karn v. Quick & Reilly, Inc.***, 912 A.2d 329, 336 (Pa. Super. 2006) (citation omitted). Because Appellants failed to provide an appropriately developed argument, they have waived this claim.

Appellants' second sub-issue seems to challenge the trial court's conclusion that neither party's claims of Unjust Enrichment merit relief. Specifically, Appellants contend that the court should not have considered Appellees' evidence of the rental value of the Fruit Farm. Appellants' Brief at 33-38. It is not clear whether Appellants' challenge pertains to the trial court's admission of this evidence or the weight the court gave to it.[10] In either case, no relief is due on this argument.

---

[9] The trial court credited the testimony of Appellees' expert, Brian Pedrick, who testified that the Home, which the parties jointly constructed, increased the value of the Fruit Farm by $119,655. ***See*** Trial Ct. Op. at 8. ***See also*** N.T., 1/11/18, at 105.

[10] Appellants allege that the court should not have considered the rental value of the Fruit Farm in reaching its verdict because the uncontradicted testimony indicates that Appellees never intended Appellants to pay rent or make any other payment for their use of Dunn's Farm. *Id.* at 35-37.

To the extent that Appellants seek to challenge the admission of this evidence, this challenge is waived. Appellees presented expert testimony that the Fruit Farm's rental value in the years Appellants occupied the property was $261,000—$14,500 per year over 18 years. N.T., 1/11/18, at 113. Appellants did not, however, place an objection on the record at the time expert testified. The Pennsylvania Rules of Evidence require that, in order to advance a claim of error in a ruling to admit or exclude evidence, a party must make a specific and timely objection. Pa.R.E. 103(a)(1). Thus, to the extent Appellants seek to challenge the admission of the fair rental value evidence, we find that Appellants have waived this issue. **See Commonwealth v. Tha**, 64 A.3d 704, 713 (Pa. Super. 2013) ("We have long held that failure to raise a contemporaneous objection to the evidence at trial waives that claim on appeal.")

To the extent that Appellants argue that the trial court erred in giving equal weight to the expert's testimony concerning the Fruit Farm's rental value—$261,000—and his testimony regarding the value of the improvements to the Fruit Farm made by Appellants—$286,900—this is a challenge to the weight the court gave to the evidence. Appellant's Brief at 33-38.

As noted *supra*, the weight given to the evidence is exclusively within the purview of the trial court sitting as the finder of fact. **Talbert**, 129 A.3d at 545. In the instant case, the trial court considered the evidence presented by Appellees' expert and concluded that it was credible. We will not reweigh

the evidence here. Accordingly, Appellants are not entitled to relief on this claim.

In their final sub-issue, Appellants claim the trial court erred in excluding, on relevance grounds, Appellants' documentary evidence concerning the cost of improvements they made to the Fruit Farm because this evidence would have proven their ownership of the Fruit Farm by way of a parol *inter vivos* gift from Appellees.[11] Appellants' Brief at 39.

Our review of the record indicates that Appellants have raised this issue for the first time on appeal. In their Post-Trial Motions Appellants claimed only that "[t]he [c]ourt erred in sustaining [Appellees'] objection to testimony about expenditures made by Steven C. Dunn where [Appellants] alleged a claim for **promissory estoppel** and **detrimental reliance**." Post-Trial Motions, 2/5/18, at ¶ 15 (emphasis added). In their Brief to this Court, Appellants have clearly challenged the court's evidentiary ruling only as it

---

[11] Generally, agreements for the sale of real estate are only enforceable if they are in writing and signed by the seller. **Hostetter v. Hoover**, 547 A.2d 1247, 1250 (Pa. Super. 1988). **See also** 33 P.S. § 1 (Statute of Frauds). However, a parol *inter vivos* gift of an interest, in whole or in part, of real estate may be valid where such gift is "followed not only by a change in possession, but by the making of such permanent improvements on the property as could not be compensated in damages." **In re Yarnell's Estate**, 103 A.2d 753, 757 (Pa. 1954). In order to establish a valid parol gift of land, a party must: (1) present direct, positive, express, and unambiguous evidence; (2) take possession of the land "at the time or immediately after the gift is made, and such possession must be exclusive, open, notorious, adverse, and continuous[;]" and (3) "the donee must make valuable improvements on the property for which compensation in damages would be inadequate." **Fuisz v. Fuisz**, 591 A.2d 1047, 1049 (Pa. 1991).

pertained to Appellants' claim that Appellees had made them a parol *inter vivos* gift of the Fruit Farm. Because Appellants have raised this issue for the first time on appeal, they have waived it.

Judgment affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/26/2019